Thomson, J.
. ' A paper purporting to be the last will and testament of Caroline M. Rice, deceased, dated the 21st day of August, 1896, together with a codicil, asserted to be her act, dated the 17th day of August, 1899, was offered for probate in the county court by the appellees, who were named in the instruments as executors of the will. The appellants, Edward C. Rice, a son of the decedent, and Caroline E. Rice, his wife, who alleged herself to be a devisee under another will’ of Caroline M. Rice, made, as averred, later than the will presented, and before the codicil, appeared and objected to the admission of the will and codicil to probate, on the grounds that at the time of the execution of the writing purporting to be a codicil she was of unsound mind, and incapable of understanding its contents, and that the will and codicil which were offered had been revoked by the other alleged will; and asked that probate of the instruments presented be refused, that proof be taken of the contents of this supposed will, and that it be admitted to probate as the last will and testament of the decedent. What the judgment of the county court was we are not ad^ vised; but an appeal from it was prosecuted-by-the losing parties to the district court, where' upon 'a trial before a jury, the will and codicil offéréd by the appellees, were sustained and ordered 'to be admitted to probate. " ■■ '
The abstract furnished us by the contestants gives us none of the evidence introduced,’ except'á portion, or, possibly, the whole, of the cross-examina *332 tion of Caroline E. Rice, one of the contestants, and a witness in her own behalf. The abstract states that she was examined for the contestants; bnt what she said on her direct examination is withheld, and we have no means of knowing what that testimony was. Respecting the evidence for the proponents the following is all the abstract contains:
“The proponents first introduced the subscribing witnesses to the will dated August 26, 1896, and the codicil thereto dated August 17, 1899, which will and codicil were offered for probate in this cause by proponents as the last will and testament of Caroline M. Rice, deceased. Said subscribing witnesses gave evidence tending to prove the execution of said will and codicil in the manner required by the statute, and tending to prove that at the time of the execution of said will and codicil respectively, the said testatrix was of sound mind and memory. Thereupon the said will and codicil were offered in evidence.”
In the cross-examination referred to, counsel for the contestants, after exhibiting to the witness, Caroline E. Rice, certain letters which she identified as having been written by her, sought to prove by her portions of their contents. In the course of her examination upon one of the letters, her counsel made the following objection: “I object; if the gentleman is going to introduce that letter in evidence, he should do so and let the witness see it and refresh her memory as to what she said.” This objection was intended to apply to the same course of examination upon each of the letters. The objection was overruled, and the letters themselves were never introduced. Under a ruling of this court in Rose v. Otis, 5 Colo. App. 472, the letters themselves were the best evidence of their contents, and upon proper objection, the testimony should have been excluded. But we think the objection which was made, was insufla *333 cient. The objection was not that the testimony was inadmissible; but that the witness should have been permitted to refresh her memory by examining the letter. This did not raise the question of the admissibility of parol evidence of the contents of the letters; Moreover, there is nothing in the evidence before us to indicate that the witness was not afforded an opportunity to examine the letters. But even if the testimony was erroneously received, we are unable to discover wherein it was or could have been injurious to the contestants. It is not every error committed at the trial which will furnish ground for the reversal of a judgment. That it may have such effect, it must appear, in some way, to have been prejudicial to the interests of the complaining party. The contents to which the witness testified, seem to have had very little to do with the issue on trial. Neither they nor the testimony of the witness respecting them in the course of her cross-examination shed any light upon the question of the mental condition of the testatrix at the time of the execution of either the will or the codicil. It is possible that if the direct testimony of the witness were before us, our view of her cross-examination might be different; but it is not here, and our opinion must be based on what we have.
Contestants’ counsel sought by motion, after the cross-examination was concluded, to compel the proponents to introduce the letters; but his motion was denied. We know of no rule by which a party may be forced to introduce evidence. If counsel desired the letters in evidence they were there, and he could have offered them himself.
Complaint is made of certain of the instructions. The exception to the instructions is as follows: “To the giving of which instructions, Nos. 1 to 9 inclusive, and each of them, contestants by their counsel then *334 and there specifically excepted. ’ ’ For'the proponents it is said that this exception was insufficient, in that it did not direct the attention of the court to any particular error; hut-an exception in substantially the samé language was held good in Ritchey v. The People, 23 Colo. 314. See also Bradbury v. Alden, 13 Colo. App. 208. The abstract did not contain' instruction No. 1, nor is the giving of it assigned for error; and we do not know what it was, or what its effect might be on the remaining instructions." To determine whether a case has been properly Submitted the instructions must be considered as a whole. Instructions Nos. 7 and 8 have evident reference to testimony which has not been laid before us. Abstractly,- they seem to announce correct propositions; and it must be presumed by us that these were properly applied to the evidence. The 5th is asserted to be inconsistent with the 17th. The latter laid the burden upon the proponents of proving that at the time of executing the will and codicil the testatrix was of sound mind and memory; while the former advised the jury that the legal presumption was in favor of her sanity. These instructions may have been contradictory, or they may not. The instruction which is missing may have harmonized them. From the information which the abstract affords, it appears that the proponents did assume the burden of establishing the fact of the sanity of the testatrix at the times when the will and codicil were made, and that, prima facie at least, they did establish that fact. The instruction therefore could not have'been intended or understood to dispense with evidence from the proponents in the first instance. When the prima facie case was made, the requirements of the' 17th instruction were satisfied,’and the burden then shifted to the contestants. From the course which the trial seems to have taken, it may be presumed that , the *335 court referred to the présumption as attaching when the prima facie case was made, and the first instruction may have made the meaning of the 5th plain. But however this may be, -to enable us to judge whether the jury could have been misled we must know not only what was the first instruction, hut also what the evidence was. Eor aught that appears, there was no conflict in .the testimony. Without an opportunity to examine it, it is impossible for us to know whether there was or not. It may have been so conclusive as to preclude any verdict hut the one which was returned; and if so, the language of the instructions is not very material. In any attempt to discuss the question which counsel seeks to raise, we are handicapped by the incompleteness, and more than incompleteness, of the record which he has seen fit to present to us. We fail to see anything faulty in the instructions which we have not specifically noticed ; and, being ignorant of what occurred generally at thé trial, we are unable to find any good reason for reversing the judgment. It will therefore he affirmed.

Affirmed.