[No. 7787.]

## THE MULLER MERCANTILE CO. v. THE PEOPLE.

1. WRITS OF ERROR—*Stipulation as to Facts Proven*—In error to review a criminal conviction it was objected that the errors assigned could not be considered, because the testimony heard below was not presented in the record. But there was a stipulation of counsel as to the facts proven, and the question being one of immediate public interest, the court overruled this contention.

2. LOCAL OPTION—*Sale—Delivery Without Prohibited Territory*— One whose agent, acting by due authority, goes into anti-saloon territory, and there contracts to sell and deliver intoxicating liquors, and receives pay therefor, is guilty under the statute (Laws 1907, c. 198, §§ 10, 15, Rev. Stat. §§ 4103, 4108), though the liquors, consigned to the buyer, are delivered to a common carrier in another county and not within anti-saloon territory.

*Error to Eagle County Court.*—Hon. L. B. TAGUE, Judge.

Mr. Jos. W. CLARKE, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANK C. WEST, Assistant Attorney General, for The People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellant, The Muller Mercantile Company, a corporation, was convicted in the county court of Eagle county of the violation of the local option law; selling intoxicating liquor in anti-saloon territory.

The case was tried to a jury. None of the testimony was preserved, but an agreed statement as to the substantive facts proved, is presented in the record. These are to the effect that the appellant is a corporation engaged in the wholesale liquor business at Leadville, in Lake county. The town of Gypsum is within Gypsum precinct in Eagle county, which precinct was anti-saloon territory.

The information charged appellant, jointly with Julius Muller, its president, and Louis Pucceni, its travel-

ing salesman, with the sale of liquor in Gypsum precinct. The testimony, as agreed, shows that Louis Pucceni the salesman of plaintiff in error, on January 29th, 1912, solicited from F. J. Rule, among others, a sale of whiskey; that he gave Rule a drink of whiskey from a sample bottle and represented that the whiskey he was selling would be as good as the sample. Thereupon Rule ordered and paid for one gallon of whiskey. This was shipped to Rule by the plaintiff in error from its house in Leadville on the following day and received by Rule one day later, and who paid the express charges thereon. Pucceni had fully authority to act, and did act in this transaction for plaintiff in error.

The verdict acquitted Muller and Pucceni and found the company guilty. Upon this verdict the court rendered judgment imposing a fine of Two Hundred Dollars on the convicted defendant.

The errors alleged are: Insufficiency of the evidence; instructions given and refused; refusal of the court to instruct the jury to return a verdict for defendants.

The sections of the statute, laws of 1907, alleged to be violated are:

"Sec. 10. It shall be unlawful to sell intoxicating liquor in any quantity whatever or to grant or issue or cause to be granted or issued, a license to sell intoxicating liquor in any quantity whatever within the limits of any political subdivision or district in this state while the same is 'Anti-Saloon Territory,' except as hereinafter provided, and if any such license be granted or issued in violation thereof the same shall be void."

"Sec. 15. Whoever shall, by himself or another, either as principal, clerk, or servant, directly, or indirectly, sell, barter or exchange any intoxicating liquor in any quantity whatever, contrary to the provisions of this act, within the limits of any political sub-division or district in this state, while the same is 'Anti-Saloon Ter-

ritory,' or whosoever shall in any other manner violate any of the provisions of this act, shall, for the first offense, be fined not less than One Hundred ($100) Dollars, nor more than Two Hundred ($2.00) Dollars, or be imprisoned in the county jail for not less than ten (10) days nor more than thirty (30) days, or both, in the discretion of the court.''

The instruction given by the court and complained of is as follows:

"No. 6.   The court instructs the jury that as a matter of law under our local option statute the taking of orders by a solicitor to be filled by his principal at some point outside the local option territory and shipped into such local option territory the same is a violation of the statute under which these defendants are charged; that if you find from the evidence in this case beyond a reasonable doubt that the defendant Pucceni solicited an order for one gallon of whiskey from one F. J. Rule and received payment therefor and gave a receipt for the money and you should likewise find that the gallon of whiskey was thereafter shipped in pursuance of said order, then you should find the defendant Pucceni guilty.''

The instructions tendered and refused and for which error is alleged are as follows:

"A.   The court instructs the jury, that if they find that the defendants or either of them delivered the gallon of whiskey, involved in this action to a common carrier at Leadville, Colorado, to-wit: The Globe Express Company, that such was a delivery to F. J. Rule and was not a delivery within the anti-saloon territory described in the information and if they so find they should find the defendants not guilty.''

"B.   The court instructs the jury that one may enter anti-saloon territory and take orders and accept payment for liquors to be delivered, if such delivery shall be

made outside of said anti-saloon territory, and if the jury should find that the defendants or either of them solicited orders and accepted payments in the anti-saloon territory, known as the Gypsum district, and that delivery was made in carrying out of such orders at Leadville, Colorado, they shall find such defendants not guilty."

The instruction thus given and the instructions so refused present the issue tendered in the case.

It is urged by the attorney general that we should refuse to consider the errors alleged because all the testimony is not before us, and *Rice v. Williams,* 18 Colo. App. 330, 71 Pac. 433, and *Short v. People,* 27 Colo. 175, 60 Pac. 350, are cited as authority. In this case, however, there is no contention that there is a conflict of evidence, but on the contrary there is a stipulation as to the facts proven. Beside, it is important to the public that the question, now that it is raised, should be determined.

Many cases are cited by counsel for both sides relating to the question of title to property delivered by the shipper to transportation companies for shipment, and as to what constitutes delivery. These cases involve generally the question as to who shall bear the loss in case of injury or destruction of the property shipped. They can have no bearing on the question before us. The charge here is the violation of a criminal statute. The acts and intention of the parties must be controlling.

The plaintiff in error, sent its agent into territory in this state where the sale of liquor was prohibited by law, contracted a sale and delivery of intoxicating liquor; received full pay for the liquor and caused it to be delivered into the hands of the person from whom it received the pay. This in our opinion constitutes a sale of liquor in prohibited territory and a clear violation of Sec. 15 of the law of 1907, above quoted. The stipulated

proof covers every element of the offense charged. While instruction No. 6 may not be sufficiently qualified in form to be stated as an abstract proposition of law, yet in this case, in the light of the agreed statement as to facts proven, it can constitute no more than harmless error. *Short v. People, supra.*

It is said in *Western Mer. Co. v. Park,* 2 Colo. App. 545, 31 Pac. 945, that the general rule is that the common carrier is the agent of either the shipper or consumer or both, depending on the different and distinct question.

The instructions tendered by the defendants do not state the law. The criminal intent of the parties is the gist of the offense. To hold unqualifiedly that under the facts stated, technical delivery was made in Leadville by the act of delivery to the carrier for shipment, would be to prostitute every sense of justice. Courts cannot tolerate such palpable evasion of the law and counsel have not cited any case to support such contention.

The sale was not a conditional one. It was made by one having authority to sell and to receive the purchase price, and who did so.

The contract was made in Gypsum, the purchase price was paid in Gypsum, and through the acts and direction of the accused, the liquor was delivered in Gypsum. It would scarcely be contended that if the seller had wilfully placed poison in the particular jug of whiskey, and Rule had drank the liquor so poisoned, and died by reason thereof, that the shipper would not have been chargeable with the offense in Eagle county.

Delivery to the carrier at Leadville would not deprive the courts of Eagle county of jurisdiction of the offense.

The judgment is affirmed.

*In Division.*

Musser, C. J. and Garrigues, J., concurring.