MUSKEGON NAT. BANK *v.* NORTHWESTERN MUT. LIFE INS. CO.[1]

*(Circuit Court, S. D. New York.* February 9, 1884.)

NEW TRIAL—VERDICT AGAINST EVIDENCE.

A verdict will not be set aside merely because the court is of the opinion that a contrary verdict should have been rendered, unless it is clearly and palpably against evidence.

Motion for New Trial.

*John E. Parsons,* for plaintiff.

*Edward Salmon,* for defendant.

SHIPMAN, J. This is a motion by the defendant for a new trial of an action upon a policy of life insurance, upon the ground that the verdict for the plaintiff was against the weight of the evidence. The defendant relied upon alleged false representations in the application in regard to the insured's habits of temperance and upon a breach of his promissory warranty against intemperance. I am not dissatisfied with the finding of the jury in regard to the alleged false representations in the application. When the application was made, the insured had been confessedly of temperate habits for over nine months, and had thus shown himself capable of self-control. I differ from the jury in regard to his habits after the policy was issued, because I am of opinion from the evidence that his habit of "spreeing," or indulging in occasional debauches, became more confirmed, frequent, and certain until his bondage to intemperance was established; and that the excessive use of liquor impaired his health and shortened his life. The uncontradicted facts that in April, 1881, while he was recovering from a spree, he employed a colored attendant for a fortnight to accompany him everywhere and guard him against the use of liquor, and that, notwithstanding, he occasionally became drunk, are strong proof to my mind that he had reached a point where he was conscious that he was powerless to withstand his periodical thirst for liquor. But, in the intervals between his sprees, it is plain that he was active, prompt, and energetic, and that he did not have the appearance of an intemperate man, and, from the fact that there was no indication of liquor about his person, I think that he did not drink during these intervals. The jury found that the insured was not "habitually intemperate, or so far intemperate as to impair health," apparently from the fact that his excessive use of liquor was occasional, and that he was abstinent during the periods which intervened between his attacks of intemperance. I can see that there was enough evidence in favor of the health and apparent temperance of Comstock, when he was engaged in business, to induce an honest belief that he had not yielded to intemperate habits, and that, therefore, the accounts which were given by persons who had seen him when he was intoxicated were exaggerated. The testimony of Messrs. Barrow, Par-

[1] Affirmed. See 7 Sup. Ct. Rep. 1221.

sons, Haines, and Goodsell shows that in their occasional or frequent interviews with Comstock in the business part of the city, and during business hours, they did not perceive that he ever drank liquor, and, I think, it is true that if he had drank without interruption his appearance and breath would have shown it. So that, while I think that the verdict should have been for the defendant, I cannot say that it was so much against the weight of evidence as to demand or justify the granting a new trial.

The jury gave more importance to the testimony for the plaintiff than I thought it deserved. While it was true, it did not seem to me to be convincing. It apparently seemed to the jury to be weighty, but new trials for verdicts against evidence should not be granted merely because the court thinks that a mistake was made. The mistake should be clear and palpable.

The motion is denied.