## Ringelheim et al. *v.* Fidelity Trust Company of Pittsburgh et al., Appellants.

Argued March 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *Charles A. Woods, Jr.,* for appellants.

*Theodore A. Epstein,* for appellees.

OPINION BY MR. JUSTICE STERN, April 18, 1938:

Wife-plaintiff, while walking along an aisle in the basement of the store operated by defendants, slipped and was injured. She and her husband brought this action to recover for defendants' alleged negligence in failing to maintain the floor in proper condition.

Evidence was produced at the trial to the effect that a couple of weeks before the accident employees of defendants had spread a wax or polish upon the floor in such manner as to cause or permit an accumulation of it to form over an area about four to six inches square, this spot being situated under and around a leg of one of the tables which were standing there; that an hour or two before the accident employees had moved the tables so as to open up a new passageway for customers, thus exposing the spot containing the accumulation of the polish; that the place was slippery and dangerous, and wife-plaintiff fell as she stepped upon it. Witnesses for defendants, on the other hand, testified that the polish was a material which hardened within a few minutes after application and that it did not create any slippery or unsafe condition.

Plaintiffs asked one of their witnesses, an employee of defendants: "Do you know of anyone else slipping at that same place that same day?" An objection by defendants' counsel was sustained by the trial judge. The jury rendered a verdict for defendants, but the court in banc granted plaintiffs' motion for a new trial, certifying that the sole reason for so doing was the error committed in excluding this question. Defendants appeal from the granting of the new trial.

The principal controversy in the case being as to whether the floor was safe or dangerous, any evidence

logically probative of that issue would, of course, be admissible, and no more relevant or convincing testimony for the purpose could be offered than proof that other persons had fallen at the same place on the same day. This fact, if established, would show almost conclusively that the cause of such accidents was one common to all, namely, the condition of the floor, and not a mere coincidence of fault or ill luck of the individual victims. Authorities are almost unanimous in holding that evidence of the occurrence of similar accidents is admissible for the purpose of establishing the character of the place where they occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury. The latest case in our own state is *Fisher v. Pomeroy's, Inc.*, 322 Pa. 389, which sustains the admissibility of such evidence, not only as to accidents occurring previously to that of the plaintiff but also as to subsequent ones. True, evidence of this nature is permissible only if it relates to other accidents happening at substantially the same place and under the same conditions as those involved in the action on trial, but these limitations are met in the present case, because, in the absence of evidence to the contrary, it was reasonably to be inferred that defendant's floor at the spot where wife-plaintiff fell, remained in practically the same condition during the course of the day. Plaintiffs' case would no doubt have been materially strengthened in the eyes of the jury, and properly so, if they had been allowed to establish the evidence which the question directed to their witness was aimed to develop. Had defendants' counsel thought the question too broad, he could have asked for an offer of proof. The court was not only justified in granting a new trial but would have committed reversible error had it refused to do so.

The order of the court below is affirmed.