**BECK v. WINGS FIELD, Inc.**
Civil No. 625.

District Court, E. D. Pennsylvania.
Dec. 20, 1940.

954

Alfred L. Wolf and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., for plaintiff.

Joseph W. Henderson, Thomas F. Mount, and Rawle & Henderson, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is on a motion by the defendant for a new trial.

The action was brought to recover property damages and damages for personal injuries allegedly arising out of an accident suffered by the plaintiff in landing his airplane on the defendant's landing field. It was the plaintiff's claim that the accident was caused by an unmarked defect in the landing field. The defendant contended that the depression or dip in the field did not cause the accident, but that the plaintiff was negligent in making his landing, which negligence caused the accident.

The jury found for the plaintiff, returning a verdict for the sum of $6,513.97, which amount had been stipulated as the property damage.

The defendant has moved for a new trial and has set forth numerous reasons therefor. Summarized, these are: (1) The verdict was against the law, evidence, weight of the evidence, and charge of the court; (2) the court erred in refusing the defendant's motion for withdrawal of a juror in several instances; (3) the court erred in admitting certain testimony; (4) the counsel for the plaintiff argued improperly before the jury; (5) a verdict for defendant should have been directed. I will consider these serially. Particular grounds not specifically or generally discussed are omitted by reason of their lack of merit or because sufficiently dealt with at trial.

█ An award or denial of a new trial on the ground that the verdict was contrary to the law or was not justified by the evidence is discretionary with the trial court. Yellow Cab Co. v. Earle, 8 Cir., 275 F. 928. With due regard for the rule that abuse of discretion will not be brooked, I have investigated and reviewed the law and testimony, and determined the merit of the defendant's motion.

█ It is the law that there is liability for a negligent act which is the proximate cause of injury to another. In the absence of a causal connection between the negligent act and the injury, however, there can be no liability. Ketterer v. Armour & Co.,

2 Cir., 247 F. 921, L.R.A.1918D, 798. Negligence is the failure to use that degree of care which one of ordinary intelligence and prudence might be expected to use in the particular circumstances. Gravelle v. Minneapolis & St. Louis Ry. Co., C.C., 10 F. 711; Lake v. Shenango Furnace Co., 8 Cir., 160 F. 887. It was the primary concern in this case to ascertain whether the defendant was negligent in the performance of a duty owed the plaintiff, and whether such negligence proximately caused the injuries complained of. That is, was the landing field defective through the defendant's negligence, and was the injury suffered by the plaintiff caused by the defect, without contributory negligence on the plaintiff's part? The evidence was directed to establish facts pertinent to these issues. True the finding of negligence—a necessary prerequisite to the imposition of liability—might well have justified a verdict for personal as well as property damages. In this respect, it might be said that the verdict is inconsistent. However, I will not set aside a verdict merely because I am of the opinion a contrary verdict was justifiable. In fact, a verdict should not be set aside unless it is clearly and palpably unwarranted. Muskegon Nat. Bank v. Northwestern Mut. Life Ins. Co., C.C., 19 F. 405.

█ The objections that the verdict was against the evidence, weight of the evidence, and charge of the court meet obstacles analogous to the above. A verdict against the evidence can be set aside, though it would not have been proper to direct a verdict to the contrary, if it is contrary to the evidence or its decided weight. Felton v. Spiro, 6 Cir., 78 F. 576. This is within the court's discretion, as a thirteenth juror. McBride v. Neal, 7 Cir., 214 F. 966. Although the jury might well have found for the defendant, I do not find that the verdict was manifestly or palpably against the evidence and so will not set it aside on that ground. The instruction of the jury by the court was an enunciation of the law as this court understands it. Having decided that the verdict was not against the law, it follows that it was not against my charge.

Perhaps the most strenuous objection raised was to the court's refusal to withdraw a juror upon the interjection, by a witness, of a statement that he had "cracked up at the same ditch" when asked whether he was familiar with the scene of the plaintiff's accident.

Upon motion of counsel for the defendant for the removal of a juror, the court, in refusing the motion, immediately said: "I want to say to the members of the jury that I want you to disregard that evidence entirely. That has nothing to do with this case." After counsel expressed a desire to discuss the matter at side bar, a short recess was taken. Upon resuming the trial the court again said: "Members of the jury, as I said to you before we took a recess, I want you in the consideration of this case to disregard that statement made by the witness. That statement was highly improper. If he did have an accident it may have been this witness's fault, it may have been the fault of the field, I don't know, and you should not in any way consider it. It should have no bearing whatever in the deliberation and your consideration in this particular case, and I trust that when you get to the jury room you will erase this reference from your minds, because it would be very unfair to have that considered by any single juror in connection with this case."

The plaintiff seeks to justify the statement on the ground that it tended to show the character of the condition in question and cites as authority: District of Columbia v. Arms, 107 U.S. 519, 525, 2 S. Ct. 840, 27 L.Ed. 618; Ringelheim et al. v. Fidelity Trust Co. et al., 330 Pa. 69, 71, 198 A. 628; and Fisher v. Pomeroy's, Inc., 322 Pa. 389, 391, 185 A. 296. Although there is some force to this argument, I do not feel that the statement can be thus justified in this instance, because the mere fact of an accident in landing an airplane can raise no inference of a defect in the field when other causes are equally as probable. However, whether justifiable or unjustifiable the statement, when considered in connection with the court's instructions to the jury, did not warrant the withdrawal of a juror. See O'Malley v. Public Ledger Co., 257 Pa. 17, 20, 21, 101 A. 94.

The defendant made other motions for withdrawal of a juror at times when such were reasonably prompted. Counsel for the plaintiff, it seems to me, did at times ask questions that were unnecessary for an expeditious trial of this cause. But, in view of their nature and the way they were dealt with in instructions to the jury, it does not appear to me that the defendant was prejudiced. In other words, I do not feel that the jury was swayed by matters they were given to understand were outside the scope of their deliberations.

The defendant further objected to the court's refusal to rule out the opinion of the witness Ray relative to the question whether the defendant's field was a safe place to land. As declared by the defendant, Ray lacked technical training and could not claim familiarity with the laws relative to maintenance of airports. But he had flown over 11,000 hours during 22 years of flying in numerous types of planes, including that flown by the plaintiff. He also visited numerous air fields. Further, he selected, laid out, and supervised the preparation and operation of a number of air fields for an eastern airline. Therefore, I conclude that he was qualified to state an opinion, when acquainted with the nature of the defendant's field, as to whether the field was a safe place for planes to land.

The defendant also objects to the retention of that part of Ray's testimony relative to the wheel tracks. Here, as before, he was practically experienced but without theoretical training. I conclude that he was qualified to draw an inference from the fact that the wheels were out of line as the plane moved on the ground prior to reaching the dip in the field.

The defendant urges that counsel for the plaintiff argued improperly before the jury in alleging and commenting on the defendant's failure to run a plane over the allegedly defective part of the field after the accident, in order to ascertain the condition of the field. Defendant made no objection to the court but in justification did state that "there is no evidence in this case that we had any facilities for doing it." Whereupon the court added: "There is no evidence that there were any other planes." I do not see that this was prejudicial to the defendant.

The final contention is that a verdict should have been directed for the defendant because no standard of care was established. The court in its charge to the jury said:

"The owner of premises, such as the defendant here, who owned, operated and maintained a commercial landing field for airplanes, upon which persons like the plaintiff come by invitation, express or implied, owes a duty to such persons to maintain the premises in a reasonably safe condition for the contemplated use thereof, and the purposes for which the invitation was extended.

"The defendant owed a legal duty to the plaintiff to use reasonable care to keep the premises in a reasonably safe condition so that the Plaintiff in landing his aircraft would not be unreasonably exposed to any danger."

I think that this, together with other portions of the charge, was sufficient to guide the jury in their determination.

Finally, I note the provisions of Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to the effect that a new trial shall not be granted unless its refusal is inconsistent with substantial justice. I am of the opinion that refusal is not inconsistent with substantial justice in this instance.

The motion is denied.