## No. 17,080.

LEWIS *v.* OLIVER.
(271 P. [2d] 1055)

Decided June 14, 1954.   Rehearing denied July 6, 1954.

Mr. JOHN A. MCCARTHY, for plaintiff in error.

Mr. LAWRENCE A. ARDELL, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

GRADY HILL LEWIS, plaintiff in error, rented an automobile from the ABC Auto and Truck Rental Company in Pueblo, Colorado, on the night of May 7, 1951. Beginning about 8:30 o'clock in the evening, he and one Algien drank several glasses of beer at different taverns in Pueblo; about 11:45 p.m. they arrived at Donahue's Tavern where Melvin Oliver and Wanda Harp joined them; Lewis, Oliver and Wanda Harp obtained the keys for the rented automobile from Algein and left; Algein said he saw them driving away, but did not know who was driving the car. Algein testified that during the entire evening he and Lewis drank nine or ten beers each.

At about 1:00 o'clock a.m. on May 8, the rented automobile was being driven on a highway just outside of the city limits of Pueblo when it left the highway near a curve and struck a power-line pole on a dead-end street; the car was overturned; Wanda Harp was killed, and the Oliver boy seriously injured; Lewis also was injured. The latter two were taken to a hospital, and the Oliver boy died about two hours thereafter.

E. E. Oliver, father of Melvin, filed this action against Lewis and the auto rental company under the guest statute for the death of his son, alleging that Melvin Oliver was the son of plaintiff and one Edna Oliver, and that as a result of the accident and death of Melvin Oliver, plaintiff and the said Edna Oliver suffered the loss of his love, companionship and pecuniary loss, all in the sum of $10,000. Defendants answered, denying the general allegations of the complaint and set up the defenses of contributory negligence, assumption of risk and an unavoidable accident. At the trial there was no

evidence of any negligence on the part of the rental company and the court sustained a motion for a directed verdict in its favor. At that time defendant Lewis could not be located and never appeared at the trial. He was served with process on August 25, 1951, while in the hospital. Trial was to a jury, which returned a verdict in plaintiff's favor in the sum of $7,615.00 on which the judgment here under review was entered. Motion for judgment notwithstanding the verdict and motion for new trial were overruled. In the motion for new trial the errors hereinafter presented were set out. The statute, commonly designated as the guest statute, is section 371, chapter 16, '35 C.S.A., and, so far as is pertinent here, is as follows: "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others. * * * "

For recovery under this statute, at least one of three conditions must be established, namely, intentional accident (if anyone knows what that means), accident caused by intoxication, or by negligence consisting of a wilful and wanton disregard of the rights of others.

In the first cause of action in the amended complaint herein is an allegation of carelessness, negligence and recklessness as the cause of the accident, and that the negligence consisted of a wilful and wanton disregard of the rights of others. In the second cause of action is an allegation that Lewis, defendant, had consumed intoxicating beverages, and that the accident was the result of his intoxication.

Plaintiff in error has set up nine specifications of error, eight of which, as determined from our examination of the record, have merit. These specifications are

as follows: 1. Insufficient evidence of intoxication. 2. Misconduct of counsel. 3. Insufficient evidence that intoxication, if any, was proximate cause. 4. Insufficient evidence of wilful and wanton disregard and that same, even if proven, was proximate cause. 5. Verdict based on speculation. 6. Error in allowing evidence of speed because remote to accident. 7. Instruction No. 2 erroneous and prejudicial. 8. Verdict excessive and founded on speculation.

It being abundantly clear that the judgment must be reversed, we consider it unnecessary to discuss all of the specifications, and, therefore, confine ourselves to the question of misconduct of counsel and the erroneous giving of instruction No. 2, which is an instruction on simple negligence. By this disposition of the case, we are relieved of detailing the evidence and some of its questionable sufficiency.

■ The result of the blood alcohol test said to have been made at the hospital was not introduced in evidence and there is no showing as to the failure to do so. When counsel for defendant (plaintiff in error here) was making his final argument to the jury and while commenting on this failure of plaintiff to produce said blood alcohol test, the attorney for plaintiff interrupted, and stated in the presence of the jury, in effect, that he had asked the nun at the hospital for the results of said alcohol test several times and that she had refused to give them to him, and that such results, if obtained, would have proven the intoxication of defendant. This was highly improper and unquestionably prejudicial, even though the court instructed the jury to disregard the statement. That is easy language and calls for what may be termed an unnatural mental reaction. The statement was sufficient to create an instant impression of guilt, and it is beyond the authority of any court to say that it did not, unconsciously, create a lasting prejudice in the mind of one or more jurors. If trial courts, upon the happening of such a circumstance, would declare a

mistrial and assess the costs to the transgressor, it would have a salutary effect upon lawyers who know better, or if they did not know better, would pay for the lesson then learned.

Instruction No. 2 is as follows:

"The Court instructs the Jury that the mere happening of an accident is, in itself, no proof of negligence on the part of any of the parties involved herein, and no presumption of negligence arises from the happening of an accident alone.

"Negligence is the failure to observe for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, where such other person suffers injury. In other words, negligence is the want of that care and prudence which a person of ordinary intelligence would exercise under all of the circumstances of the case.

"Negligence is never presumed but must be proved by the evidence, the same as any other fact."

This may be said to be an approved instruction on simple negligence, which as a separate instruction has no place in an action under the guest statute hereinbefore set out. Under that statute, the guest takes the risk of the driver's simple negligence, but must recover, if at all, under one of the three essentials herein indicated, the wilful and wanton disregard feature unfortunately stated as negligence in the statute. We fail to see in what sense the word "negligence" as used in the statute has bearing, because we again say, if the accident was intentional, it was not negligence; if the accident was caused by intoxication, that is not negligence as such is referred to in the guest statute; and if the act was wilful and wanton, it is not negligence. All of the three elements are something more and beyond negligence as it is, and should be, ordinarily understood.

While the court, by instructions Nos. 5 and 8, set out the so-called guest statute and gave a fair instruction thereon, still the instruction on simple negligence was

before the jury and it cannot be said that it was not confusing to jurors, not skilled in discerning the true legal effect of instructions, particularly where one is more or less in conflict with the other. The giving of the simple negligence instruction under the present circumstances was reversible error. The motion for new trial should have been granted, and, for the reasons herein indicated, the judgment is reversed and the cause remanded with instructions to the trial court to grant a new trial in accordance with the views herein expressed.

Mr. Chief Justice Stone concurs in the result.

*On Petition for Rehearing.*

■ Petition for rehearing stricken because of nonconformity with Rule 118 (c), R.C.P., Colo., concerning petitions for rehearing, as amended and adopted November 19, 1951, and February 12, 1953.