No. 17,485.

GRADY HILL LEWIS *v.* VIOLET HARP.
(286 P. [2d] 627)

Decided August 15, 1955. Rehearing denied August 29, 1955.

Mr. JOHN A. MCCARTHY, for plaintiff in error.

Mr. LAURENCE A. ARDELL, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error was defendant and defendant in error was plaintiff. We will refer to the parties as they there appeared, or by name.

The instant case arose out of the identical facts detailed in *Lewis v. Oliver,* 129 Colo. 479, 271 P. (2d) 1055. Counsel for the respective parties throughout this

litigation are the same counsel who appeared in *Lewis v. Oliver,* supra.

Plaintiff, mother of Wanda Harp, instituted this action to recover damages under the wrongful death statute, and had a verdict and judgment in her favor. Under the pleadings, and plaintiff's theory of the case Wanda Harp was a guest in the automobile which crashed, resulting in her death. Defendant brings the case here by writ of error.

The sole ground urged for reversal is that the trial court erred in giving instruction No. 2 on the subject of ordinary negligence. The submission of this instruction was held to be error in *Lewis v. Oliver,* supra. Based on the ruling in that case, we are urged to reverse this judgment and order a new trial. Just before the instructions were settled, counsel for defendant stated to the trial court: "So far as I am concerned, the instructions in the last case are good enough for me." The "last case" referred to is *Lewis v. Oliver,* supra. Thereupon the trial court instructed the jury in the instant case as it had in the former case. Counsel for defendant made no objection to the giving of instruction No. 2, concerning which he now complains. In the trial court he consented to all the instructions which were given.

In order to justify a reversal for the giving of erroneous instructions, proper objection thereto must appear in the transcript. Here, not only does no objection appear, but counsel consented to the instructions as given, hence we cannot consider the single point now urged for reversal.

Judgment affirmed.