## Rosen v. Philadelphia National Bank

*Hovsepian & Sandler*, for plaintiff.
*Morgan, Lewis & Bockius*, for defendant.

LEDERER, *J.*, March 7, 1975—Plaintiff filed a motion for sanctions upon defendant for failure to answer plaintiff's interrogatories numbered 15 and 16.

Plaintiff's complaint and defendant's answer thereto indicate that plaintiff had received an "Anytime Teller" computer card from defendant, Philadelphia National Bank, which enabled plaintiff to make withdrawals from his account after banking hours. Plaintiff returned said "Anytime Teller" card to defendant soon after he moved, in

order to update the address. While being processed by the bank, the said "Anytime Teller" card was stolen by a bank employe who wrongfully used it and was subsequently apprehended.

Plaintiff's interrogatories 15 and 16 state as follows:

"15. State whether any 'anytime teller cards' were missing, misplaced or stolen, other than the Plaintiff's, during the year of 1972 and/or 1973.

"16. If yes, list the names of the persons whose cards were missing, misplaced or stolen, and the dates of said occurrences."

Plaintiff claims the answers are relevant to the issue of whether defendant was on notice of any problems with employes, or with missing cards, prior to the instant occurrence. Considerable latitude should be given to parties in connection with interrogatories during discovery; and the standard for relevancy is broader for interrogatories in discovery than the standard which is applied at trial for the introduction of evidence. However, the scope of discovery is not without limits. The information requested must reasonably lead to the discovery of admissible evidence. Rule 4007(a) requires that discovery substantially aid the inquirer for certain purposes: 4 Goodrich-Amram, §4007(a)19.

The instant case involves an "anytime teller card" stolen by an employe of defendant's bank, while the said card was in the possession and control of the bank. This court fails to see how identification of "missing" or "misplaced" "anytime teller cards" could be of any assistance to plaintiff in the preparation of his case. Nor would identification of "anytime teller cards" stolen directly from bank

customers be of any assistance to plaintiff in the preparation of his case.

Evidence of the occurrence of similar incidents is admissible for the purpose of establishing the imputation of actual or constructive notice. However, as in an accident case, other prior incidents must have occurred under substantially similar circumstances: Ringelheim v. Fidelity Trust Co. of Pitts., 330 Pa. 69; Baker v. Keithan's, Inc., 40 Northumb., 86 (1968).

It is conceivable that identification of "anytime teller cards" stolen from defendant while in the possession and control of defendant during the years of 1972 and 1973 may assist plaintiff. First, if there were prior stolen "anytime teller cards" which had been handled by the employe who stole the "card" involved in this case, it may be relevant to the issue of notice to defendant of potential theft of the "card" involved in this case. Secondly, stolen "cards" even under different circumstances, may be relevant on the issue of negligence of defendant in not having proper procedural safeguards in its system of processing the said "cards."

## ORDER

And now, March 7, 1975, upon motion by plaintiff and answer by defendant, it is hereby ordered and decreed that defendant answer paragraphs 15 and 16 of plaintiff's interrogatories. Said interrogatories shall be limited to information relating to "anytime teller cards" stolen from defendant while in the possession and control of defendant during the years of 1972 and 1973. Defendant must answer said interrogatories within 20 days, or be precluded from entering a defense in the matter.