## Weber v. Campbell Soup Company

230

*Judd F. Crosby,* for plaintiff.
*Frederick N. Egler, Jr.,* for defendant.

REILLY, *P.J.,* April 11, 1985—This case is presently before the court on plaintiff's motion for an order directing defendant, Campbell Soup Co., to respond to certain interrogatories which Campbell had earlier objected to and refused to answer. Plaintiff's action seeks damages arising from various physical and psychological injuries suffered when she allegedly found the entire body of a rodent in a can of Campbell's Tomato Soup.

The overall policy of discovery is to obviate trial by surprise and, with very limited exceptions, to require the parties to open their files to each other. The most obvious goals of this policy are to narrow the issues for resolution at trial, to obtain evidence to be used at trial and/or to secure information as to the existence and source of evidence that may be used at trial. Subject to the various rules of civil procedure, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Pa.R.C.P. 4003.1. Further, the courts have applied the policy set forth in Pa.R.C.P. 126 to this area in holding that discovery should be liberally allowed and that limitations thereof should be narrowly construed. See 10 Goodrich-Amram 2d, §4001.3, 25 (1976); Szarmack v. Welch, 456 Pa. 293, 298, 318 A.2d 707, 710 (1974). Therefore, unless defendant can show that the information sought lacks relevance or is not reasonably calculated to lead to the discovery of admissible evidence or can correctly claim the benefit of one or

more of the limitations of Pa.R.C.P. 4011, the materials requested are discoverable.

Defendant objects to plaintiff's interrogatories 7 and 8 which concern the possibility of willful contamination in the manufacturing plant. Interrogatories 7 and 8 with the corresponding answers and objections of defendant read as follows:

"7. Does defendant maintain or claim that it is impossible for a rodent to be willfully canned in its tomato soup during the preparation, cooking and canning process as described in question four.

"Answer: Objection. This interrogatory is argumentative, seeks information not reasonably likely to lead to the discovery of admissible evidence, and is designed solely to annoy and harass defendant.

"8. If the answer to question seven is "yes," please state each and every fact on which defendant relies for this claim.

"Answer: Objection. Defendant incorporates by reference its objection to number 7. Without waiving said objection, however, defendant states that Campbell has highly qualified employees that are well trained and very reliable. There has been no evidence of malicious behavior. The three foot distance for the open can to travel after washing is also in a highly visible, well supervised area."

This matter is clearly relevant to the case and seems reasonably likely to lead to the discovery of admissible evidence. Plaintiff alleges both negligent and/or willful contamination of defendant's product. If defendant can indeed make a reasonable claim that willful contamination, such as is alleged here, is impossible, then plaintiff should be made aware of such and of the basis therefore, prior to trial. "One advantage of discovery is the protection it gives the adversary against surprise evidence which can be proven false or which can be put in a truer

and less damaging light if there is opportunity to investigate the matter and produce rebutting or qualifying facts." Nissley v. Pennsylvania R.R. Co., 435 Pa. 503, 507, 259 A.2d 451, 453 (1969). Further, if defendant could justifiably make a claim that willful contamination was impossible, this would obviously serve as a defense at trial. Pa.R.C.P. 4003.1 expressly provides that any matter relating to the claim or *defense* of any party is discoverable. Moreover, the information sought here is uniquely within the province and knowledge of defendant. Defendant's claim as to annoyance and harassment from these questions is clearly without merit.

Interrogatories 10 through 13 request information on other incidents similar to that alleged here. That is, where contaminants have been found or reported in defendant's canned food products. Here again, defendant objects based on irrelevance and that the requested information is not calculated to lead to the discovery of admissible evidence. Defendant also contends these requests are excessively broad and unduly burdensome.

Plaintiff contends that defendant acted outrageously, recklessly, negligently, willfully and wantonly in maintaining food preparation facilities in an unfit, unsanitary and unsafe manner and in failing to perform proper inspections or follow industry standards. "Authorities are almost unanimous in holding that evidence of the occurrence of similar accidents is admissible for the purpose of establishing the character of the place where they occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury." Ringelheim v. Fidelity Tr. Co., 330 Pa. 69, 71, 198 A.628, 629 (1938); Yoffee v. Pa. Power & Light Co., 385 Pa. 520, 542, 123 A.2d 636, 648 (1956). The

material plaintiff seeks is clearly relevant to the subject matter of this case. Even if we were to assume the inadmissibility at trial of some of this material, it nevertheless appears reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects that interrogatories 10 through 13 are in violation of Pa.R.C.P. 4011 in that they are burdensome and would require the making of an unreasonable investigation by defendant. No discovery is possible without some burden, expense or investigation. It is only when the burden becomes unreasonable that the discovery request is in violation of certain provisions of Pa.R.C.P. 4011. Plaintiffs have shown a prima facie right to discovery by seeking relevant material which is not privileged and appears reasonably calculated to lead to the discovery of admissible evidence. It seems clear, then, that the burden must be on defendant to advance reasons why they feel the discovery requests are unreasonably burdensome. Merely showing that the production will occasion some investigative effort and expense, without some evidence that the burden so imposed would be unreasonable, is not sufficient to prevail under Rule 4011. See 5A Anderson, Pa. Civ. Prac. §4011.115, 97; 10 Goodrich-Amram 2d §4011(b): 1, 288 and Pa.R.C.P. 4011. While defendant has indicated that such discovery would require work by a Campbell employee to secure the information, and possibly clear it of attorney work product, we are not persuaded that this task would indeed be unreasonably burdensome. This court is well aware that the term "unreasonable" as used in Pa.R.C.P. 4011 represents a remarkably indefinite standard. This court will, however, order that plaintiff's interrogatories 10 through 13 must be answered by defendant, but that they need only be answered as to a period beginning two years prior to

the date on which plaintiff alleges she discovered this canned rodent.

Accordingly, the court enters the following

## ORDER

Now, this April 11, 1985, it is the order of this court that plaintiff's motion to compel answers to her second set of interrogatories is granted in part. Defendant is hereby ordered to file full and complete responses to interrogatories 7 and 8 and is also ordered to file full and complete responses to interrogatories 10 through 13, but only as to a period commencing two years prior to the date of plaintiff's alleged discovery of this contaminated product. Said responses to be filed within 30 days hereof. No further response to interrogatories 1 and 2 is required.