Gary W. **PATTERSON**, Plaintiff–Appellant and Cross–Appellee,

v.

**MAGNA AMERICAN CORPORATION,** a Mississippi corporation, Defendant–Appellee and Cross–Appellant.

No. 85CA1591.

Colorado Court of Appeals, Div. I.

April 7, 1988.

Louis A. Weltzer, Denver, for plaintiff-appellant and cross-appellee.

Dickinson, Herrick–Stare & Hibschweiler, P.C., Randall S. Herrick–Stare, Denver, for defendant-appellee and cross-appellant.

PIERCE, Judge.

Plaintiff, Gary Patterson, appeals the trial court judgment entered on a jury verdict in favor of defendant, Magna American Corporation. We reverse and remand for a new trial.

Plaintiff sustained injuries while using a woodworking machine manufactured by defendant's predecessor company. The machine functioned as a table saw that could be adjusted in a variety of ways to accomplish different sawing tasks.

When used as a table saw, a small blade, approximately ten inches in diameter, was placed in the center of the machine. Spinning in a vertical plane, the blade protruded a few inches below the surface of the bench. It is undisputed that this portion of the blade did not have a protective guard.

While sawing a small board, plaintiff extended his arm beneath the workbench in order to make adjustments while the machine was operating. Plaintiff's forearm came in contact with the spinning blade and he sustained injuries.

Thereafter, plaintiff brought this action seeking damages under both strict liability for design defect and negligence. Trial was to a jury, and a general verdict was rendered in favor of defendant.

## I.

Plaintiff contends that the trial court erred by instructing the jury on the defense of misuse. We agree.

When the user of a product mishandles or misuses a product in such a way that a dangerous condition is created, such misuse

is a proper defense to a product liability claim. *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983). The usual situation in which the defense may be asserted is when the product is being used in a way other than that which was intended and which could not have been reasonably anticipated by the manufacturer, such as if the plaintiff here had used the saw to cut sheet metal. *See Jackson v. Harsco Corp., supra.*

■■■ Here, there was no evidence presented that the plaintiff used the machine in any way other than that intended by the manufacturer. The record shows that the machine was assembled in the manner specifically suggested by the owner's manual, and defendant presented no evidence to the contrary. Thus, there was no evidence to support an instruction on misuse.

Defendant's argument that the instruction was proper because plaintiff attempted to make adjustments while the machine was operating is misplaced. While any actions by plaintiff that may have contributed to his injuries and that were undertaken while he was using the machine in a manner intended by the manufacturer could be considered as a defense to his negligence claim, they do not, as a matter of law, constitute misuse for purposes of his strict liability claim. The jury was instructed on the defense of comparative fault as it pertained to plaintiff's claim of negligence, however, the instruction on misuse was error as to the product liability claim.

## II.

We also agree with plaintiff's contention that the trial court erred by instructing the jury on the rebuttable presumption created by § 13–21–403(3), C.R.S. (1987 Repl.Vol. 6A).

That section provides, in pertinent part, that:

"Ten years after a product is first sold for use or consumption, it shall be rebuttably presumed that the product was not defective and that the manufacturer or seller thereof was not negligent and that all warnings and instructions were proper and adequate."

■■■ Here, the record shows that although the machine was manufactured in 1960, the only evidence of a sale date was presented by plaintiff. He testified that this machine was purchased in 1976, some six years prior to the accident. There was nothing to indicate that this machine, nor its product line, was sold for use more than ten years prior to plaintiff's injury. Therefore, there was no support to instruct the jury on the presumption.

■■■ Because this issue may arise again on retrial, we comment that we do not agree with plaintiff's interpretation of § 13–21–403(3), suggesting that the determinative date of sale is governed by the actual machine in question. Rather, in our opinion, the statutory language concerning the date "a product is first sold for use or consumption" refers to the time when a product line of a particular design is first sold to the public. Such an interpretation would apply the presumption equally to all claims of design defect concerning a particular product of a certain design.

To the extent this holding is contrary to *Downing v. Overhead Door Corp.*, 707 P.2d 1027 (Colo.App.1985), we decline to follow that case. *See also Uptain v. Huntington Lab Inc.*, 723 P.2d 1322 (Colo. 1986).

## III.

We do not address plaintiff's contention regarding the assumption of risk instruction because that issue was not preserved properly for review. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982).

We also decline to address plaintiff's remaining contentions regarding various evidentiary rulings. Relevancy determinations are left to the sound discretion of the trial court. *See KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo. 1985), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985).

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

CRISWELL and HUME, JJ., concur.