Patty Ann KOEHN, Plaintiff–Appellant
and Cross–Appellee,

and

Hartford Accident and Indemnity Company, Plaintiff–Intervenor Appellant,

v.

R.D. WERNER CO., INC., a Foreign Corporation, Defendant–Appellee
and Cross–Appellant.

No. 89CA0112.

Colorado Court of Appeals,
Division III.

Oct. 11, 1990.

Rehearing Denied Nov. 8, 1990.

Certiorari Denied April 22, 1991.

Kripke, Epstein & Lawrence, P.C., Kenneth N. Kripke, Scott W. Lawrence, Denver, for plaintiff-appellant and cross-appellee.

Anderson, Campbell and Laugesen, Michael W. Sutherland, Denver, for plaintiff-intervenor appellant.

Blunk, Johnson & Johnson, George E. Johnson, James D. Johnson, Bradford L. Geiger, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge TURSI.

In this products liability action concerning an allegedly defective step ladder, plaintiff, Patty Ann Koehn appeals the judgment entered upon a jury verdict in favor of defendant, R.D. Werner Company, Inc. Hartford Accident and Indemnity Company intervened as a plaintiff. Plaintiff contends the trial court erred in: (1) excluding evidence of a similar post-accident step ladder failure; (2) instructing the jury on the affirmative defense of unforeseeable misuse; (3) instructing the jury on the manufacturer's right to assume that warnings will be read and followed; (4) instructing the jury on issues which were not contested; (5) admitting expert testimony and a videotape demonstration concerning the defendant's theory of how the step ladder collapsed; and (6) assessing costs. Defendant cross-appeals the trial court's assessment of costs following an order of mistrial. We reverse and remand for retrial.

On September 16, 1985, plaintiff was injured when she fell to the floor from her position on an aluminum step ladder manufactured by the defendant. She filed suit premised solely on Restatement (Second) of Torts § 402A, claiming that the ladder was defective and unreasonably dangerous in that it buckled and collapsed while she was using it, causing her to fall and suffer head, neck, and shoulder injuries. Defendant answered denying plaintiff's contention that the ladder was defective and unreasonably dangerous and asserting various affirmative defenses which included comparative fault, misuse of product, and assumption of the risk.

When the case first came on for trial and a jury had been selected, mistrial was declared by the trial court because of comments made by defendant's counsel during opening statements, and the trial was re-set.

Plaintiff was unable to testify because of her head injuries, but in support of her theory of liability, she presented the testimony of witnesses in the general vicinity of the accident prior to the fall. None of these witnesses saw a use inconsistent with the warnings on the ladder. One witness stated he heard a noise, turned, saw plaintiff on the ladder as it rocked back and forth. He testified that as the ladder tipped, the right leg of the ladder bent and plaintiff fell. She did not, according to the witness, fall upon or strike the ladder as she fell.

Plaintiff also presented the testimony of an expert witness who opined that the ladder was defective and unreasonably defective in that it twisted while in use causing its front rails to bend and become unstable. Defendant, on the other hand, maintained that the ladder was not defective and presented expert testimony supporting that position and its theory that the accident could only have happened because of misuse. The jury returned a general verdict in favor of defendant.

I.

■ Plaintiff argues the trial court abused its discretion in excluding evidence of a similar aluminum step ladder collapse that occurred approximately eleven months after her accident. We agree.

Prior to trial, the defendant filed a motion in limine seeking to suppress the introduction of testimony concerning the later accident. This motion was granted by the trial court.

Subsequent to the testimony of defendant's experts that the ladder was without defect and that but for misuse by the plaintiff the accident could not have happened, plaintiff renewed her effort to introduce testimony of the second accident. She proffered testimony that after her fall her supervisor using an identical ladder (one of three purchased at the same time by plaintiff's employer) in an area similar to where plaintiff's fall had occurred, and using the ladder consistent with all warnings and directions upon it, suffered a fall when the ladder suddenly pitched to the side. The supervisor also testified that the ladder on which he suffered his fall was in the same condition as the ladder upon which plaintiff suffered her injuries.

Plaintiff further proffered testimony of an expert witness that the failure of the two ladders occurred in the same manner and that the failures were due to twisting of the front rail which was a function of inadequate metal, quantity of metal, and distribution of metal to provide the necessary stiffness.

The trial court held that because the testimony might tend to be confusing and misleading to the jury, the prejudice to the defendant outweighed probative value of the evidence. Thus, it adhered to its prior ruling. The trial court did not identify what confusion or unfair prejudice this evidence would cause.

■ Evidence of similar post-accident occurrences or injuries may be offered to refute testimony given by a defense witness that a given product was designed without safety hazards. *See Wheeler v. John Deere Co.*, 862 F.2d 1404 (10th Cir. 1988). Initially, the proponent of such evidence must demonstrate that the other accident occurred under circumstances and conditions the same or substantially similar to the one involved in the present case. *See Johnson v. Colt Industries Operating Corp.*, 797 F.2d 1530 (10th Cir.1986).

■ Receptivity of evidence of similar transactions is heightened when the defendant contends that the alleged incident could not possibly have caused the injury complained of. *See Ringelheim v. Fidelity Trust Co.*, 330 Pa. 69, 198 A. 628 (1938).

Here, the fact that the evidence of the subsequent accident was offered for a valid purpose and that it was relevant to material issue is not in dispute. Further, the trial court found that the evidence was probative, thus, impliedly finding adequate similarity. However, it ruled that it was not admissible because the prejudice outweighed its probative value.

For relevant and probative evidence to be excluded pursuant to CRE 403, its probative value must be substantially outweighed by the danger of *unfair* prejudice, and the opponent of its reception must overcome the presumption in favor of admissibility of relevant evidence. *See* CRE 401.

■ In weighing the probative value of evidence against the dangers and considerations enumerated in CRE 403, the general rule is that the balance should be struck in favor of admission. *United States v. Dennis*, 625 F.2d 782 (8th Cir. 1980). *See also United States v. David*, 639 F.2d 239 (5th Cir.1981). Since all effective evidence is prejudicial in a sense of being damaging to the party against whom it is being offered, prejudice which calls for exclusion is given a specialized meaning: an undue tendency to suggest decision on an improper basis, commonly an emotional one, such as bias, sympathy, hatred, contempt, retribution or horror.

Here, plaintiff's proffered testimony was submitted for the legitimate purpose of rebutting the testimony of defendant's expert. *See Gunnison v. McCabe Hereford Ranch, Inc.*, 702 P.2d 768 (Colo.App.1985). *See also Dollar v. Long Manufacturing N.C., Inc.*, 561 F.2d 613 (5th Cir.1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). Thus, it cannot be characterized as unfairly prejudicial to defendant, and we agree with plaintiff that the trial court used the incorrect standard in evaluating the admissibility of such evidence.

Because the trial court applied the wrong standard in excluding the testimony of the similar incident in this case, we review the trial court's decision within the framework of the correct standard. *See Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo. 1986).

Although a detailed finding on the record by the trial court, conducting the balancing mandated by CRE 403, is to be encouraged, it is not required. M. Graham, *Notebook on Federal Evidence* § 403.1 (2nd ed. 1981). Nevertheless, because the evidence of the similar transaction here was relevant and probative, was not found to be substantially outweighed by unfair prejudice, and was legitimate rebuttal to crucial defense testimony, we conclude that its exclusion constitutes reversible error.

## II.

Because retrial is required here, we address certain questions which will probably arise on retrial.

Plaintiff argues that the trial court erred in instructing the jury as follows:

"A manufacturer of a product is not legally responsible for injuries caused by a product if: (1) the product is used in a manner or for a purpose other than that which was intended and which could not reasonably have been expected by the manufacturer; (2) such use rather than a defect, if any, in the product caused the plaintiff's claimed injuries.

This is the affirmative defense of unforeseeable misuse."

She argues that this instruction should not have been given since there was absolutely no evidence to support this affirmative defense and that, even if there was, the instruction was improper since any misuse was not unforeseeable because all alleged acts of misuse were set forth on warning labels on defendant's ladders. We disagree.

## A.

■ An instruction on misuse of a product in a products liability action should not be given to the jury unless there is some competent evidence to support that instruction. *See Converse v. Zinke*, 635 P.2d 882 (Colo.1981); *Patterson v. Magna American Corp.*, 754 P.2d 1385 (Colo.App.1988).

■ Defendant presented the testimony of two expert witnesses who had examined and tested the accident ladder as well as other identical ladders. From their explanation and application of physics, the laws of nature, and other scientific principles, reasonable inferences could be drawn that: (1) the ladder could not have bent if plaintiff had been properly using it in the intended manner; (2) the ladder's deformity did not result until *after* plaintiff fell; (3) plaintiff must have been using the ladder in an unintended manner causing her to fall accidentally, injure herself, and damage the ladder by falling upon it. We, therefore, conclude that the instruction on unforesee-

able misuse was properly given and that, under a similar evidentiary posture, it may be given on retrial.

## B.

■ We also reject plaintiff's argument that the "unforeseeable misuse" instruction should not have been given where, as here, warnings on the ladder identified and proscribed those manners of misuse which plaintiff might have engaged, making such misuse forseeable by definition.

This argument is tantamount to the argument rejected in *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322 (Colo.1986), in which the plaintiff asserted that her failure to read the warnings printed on the label was forseeable as a matter of law. In *Uptain*, the court adopted Restatement (Second) of Torts 402(a) comment j (1986) as the applicable rule in Colorado. That comment provides that: "Where warning is given, the seller may reasonably assume that it will be read and heeded."

■ Nevertheless, we agree with the plaintiff that the warnings supplied with the ladder were relevant only to the generic danger of the ladder tipping by improper use and were not applicable to a structural weakness in the ladder. *See Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983). Therefore, instruction on the effect of the warning should be limited to the issue of tipping if the ladder was used in manner violative of warnings.

## III.

Plaintiff also argues that the trial court erred in instructing the jury on all the elements she must prove in order to prevail on her products liability action, *see CJI–Civ.2d* 14:18 (1988 Supp.), even though several of these issues were not in dispute and were uncontroverted.

■ An instruction should not be given which creates an issue of fact not supported by the evidence or which tends to mislead or divert the minds of the jury from the real factual issues. *Houser v. Eckhardt*, 168 Colo. 226, 450 P.2d 664 (1969). The purpose of instructions is to

enlighten the jury, and if they are unnecessarily voluminous or relate to facts which are uncontroverted, this end is not attained. *See Holt v. Mundell,* 107 ,Colo. 373, 112 P.2d 1039 (1941); *Daly v. Lininger,* 87 Colo. 401, 288 P. 633 (1930); *CJI–Civ.2d* 14:18 (1988 Supp.) (Notes on Use) (when the facts are not in dispute, such instructions should be omitted).

 Although an instruction setting forth all of the elements of a claim is proper, we agree with plaintiff that an elemental instruction should not be so cast as to require proof of elements that are admitted or uncontroverted.

## IV.

Plaintiff also argues the trial court committed reversible error in admitting an expert's testimony supporting defendant's theory on how plaintiff's injury must have occurred and in admitting a videotaped demonstration to support the theory. Plaintiff contends that the expert's testimony and the videotaped demonstration were based upon speculation only and should have been excluded by the trial court. We disagree.

 Since the expert's conclusion was a reasonable inference to draw from the facts and circumstances surrounding the accident, based on the expert's experience and scientific principles, we conclude that the testimony was based upon more than merely surmise, speculation, and conjecture. Rather, there was a sufficient basis for this testimony, and we find no error in the court's ruling. *See also Thirsk v. Ethicon, Inc.,* 687 P.2d 1315 (Colo.App.1983) (defendant's experts should be allowed to state their opinions on causation in products liability action and articulate the basis of their opinions in detail).

 We also reject plaintiff's contention that the videotaped demonstration was inadmissible as not based upon the evidence. The videotaped demonstration supported the expert's theory that the only way to cause the ladder deformity would have been for plaintiff to have fallen upon the lower rail of the ladder as it was tipping or after it was on the floor.

In this regard, the videotape displayed experiments performed by the expert wherein a sandbag equivalent to plaintiff's weight was dropped on an identical test ladder as it lay on the ground. This experiment resulted in damage to the test ladder that was substantially similar to the damage in the ladder used by plaintiff. Since this videotaped demonstration was based upon the same evidence we found sufficient to support the expert's testimony above, here, too, we conclude that the trial court's ruling admitting this evidence was not clearly erroneous. Thus, on retrial, the videotape may be admitted.

## V.

 On cross-appeal, defendant argues the trial court erred in awarding costs to the plaintiff following the order of mistrial. Defendant contends such an award of costs is unauthorized and contrary to the statutory requirement that costs be granted only to a prevailing party, C.R.C.P. 54(d), or a person who recovers any debt or damages in an action, § 13–16–104, C.R.S. (1987 Repl.Vol. 6A). We disagree.

In this case, during opening arguments, the defendant's counsel committed palpable impropriety by referring to a statement taken of plaintiff while she was hospitalized and while she was in the acute stages of her injury, suffering from memory loss. This statement was taken in violation of § 13–21–301, C.R.S. (1987 Repl.Vol. 6A). Thereafter, plaintiff's counsel moved, *in camera,* to prevent defendant from making any reference to this statement. The court granted this motion and plaintiff moved for a mistrial on the grounds that it had been prejudiced by its counsel's reference to the evidence in his opening statement. The court granted the plaintiff's motion for mistrial and ordered defendant to pay plaintiff's costs incurred as a result of the mistrial order.

Under these circumstances, we conclude that the trial court's assessment of costs was within its inherent authority as a sanction for the violation of its prior order

necessitating a mistrial. *See Lewis v. Oliver*, 129 Colo. 479, 271 P.2d 1055 (1954) (when counsel for one of parties is guilty of misconduct, court should declare a mistrial and charge costs to the transgressor); *see also Ridgeway v. North Star Terminal & Stevedoring Co.*, 378 P.2d 647 (Alaska 1963) (imposition of costs on the defendant in the event of mistrial would be warranted if defense counsel breached an order not to argue inadmissible evidence to the jury).

The judgment is reversed. The award of costs to plaintiff is affirmed, and the cause is remanded for retrial.

METZGER and CRISWELL, JJ., concur.