# LEMUEL J. ANDERSON
## v.
# WALKER DONALDSON.

*Sales—Hogs—Disease—Express Warranty—Breach—Instructions— Damages—Burden of Proof.*

1. From the evidence adduced, this court holds that defendant gave a warranty to plaintiff at the time of the sale in question.

2. In the case presented this court holds that although an instruction given for the plaintiff was defective, in that it left it to be inferred that a mere statement by the defendant that certain hogs were sound, regardless of the time at which it was made, or its object, would, if relied upon by the plaintiff, constitute a warranty, yet, as the evidence disclosed no such declarations except at the time of the sale, and other instructions were clear and positive to the effect that the statements should have been made for the

purpose of assuring the buyer of the truth of the facts affirmed and thereby inducing a sale, such errors did no harm.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Menard County; the Hon. L. LACEY, Judge, presiding.

Messrs. BEACH & HODNETT, for appellant.

Messrs. T. W. McNEELY and N. W. BRANSON, for appellee.

WALL, J. Appellee recovered a judgment against appellant for $247.80 in an action on the case.

The declaration contained seven counts, all of which except the last were based upon an alleged breach of warranty in the sale of hogs. The last count was for fraudulently concealing the diseased condition of the hogs, and averred that the plaintiff, being unaware of their said condition, turned them in with other hogs of his, whereby the latter became infected, etc.

The evidence in the case is quite voluminous and not harmonious. The argument of appellant is mainly devoted to a discussion of the question whether there was a warranty and a breach thereof, as there seems to be nothing to support the charge of deceit alleged in the last count. We are not impressed with the belief that the verdict is contrary to the evidence. The appellant undoubtedly used expressions to the appellee personally and to the crowd in general which might well imply a warranty, and it is not unreasonable to regard him as intending to be so understood. It is altogether probable the hogs were then infected, and it is certain the appellee sustained damages in consequence to the amount of the verdict. We should not feel at liberty to set aside the conclusion of the jury upon such a question of fact, in regard to which they were especially fitted to decide between the parties. There is, no doubt, considerable conflict in the evidence, but there is nothing so remarkable in this respect as to require our interference.

The fourth instruction given for plaintiff was defective, in that it left it to be inferred that a mere statement by the

defendant that the hogs were sound and all right, regardless of the time it was made or its object, would, if relied upon by the plaintiff, constitute a warranty. As to the time the statement was made, the evidence disclosed no such declarations except those on the occasion of the sale. Hence the looseness of the instruction in this respect did no harm. As to the necessity that the statement should have been made for the purpose of assuring the buyer of the truth of the facts affirmed, and thereby inducing the sale, other instructions given, as well for plaintiff as defendant, were clear and positive. It was distinctly announced in the plaintiff's third and fifth, and in the defendant's fifth, eighth, ninth, tenth, eleventh and twelfth; while in the first, second and third for defendant the jury were plainly told that nothing less than an express warranty would suffice. When the two sets of instructions are all considered it is hardly possible—certainly not probable—that the jury were misled on this point. We can not properly reverse the judgment for this defect when we are so well justified in the view that it did not improperly affect the verdict. Willard v. Swansen, 126 Ill. 381.

It is urged the seventh instruction for the plaintiff gave the jury " the utmost latitude as to the amount of the verdict." The amount was, by the instruction, to be found from the evidence not to exceed the *ad damnum*, and it is apparent from the result that the reference to the amount claimed in the declaration had no effect upon the jury. It is also urged that by the modification of several instructions asked by the defendant the burden of proof was improperly shifted from plaintiff to defendant as to one of the necessary elements of a warranty. We think the criticism unsound, and that no error was committed in that respect.

No other points are urged in the printed argument. The main question in the case was whether there was a warranty. That was for the jury, and the controversy was one that a jury was peculiarly qualified to determine.

We think no error of law appears of such character as to warrant us in setting aside the judgment, and the same must therefore be affirmed.

*Judgment affirmed.*