## MILLER v. McCONNELL et al.

A verdict supported by evidence will not be disturbed on appeal.

A declaration, made by a person injured on a defective sidewalk immediately on her return home after the injury, is inadmissible as part of the res gestae.

The error in receiving evidence almost identical to the testimony of the party complaining is harmless.

The error in permitting plaintiff, suing for a personal injury, to testify to a conversation between herself and a man whom she supposed was one of defendants, immediately after the accident, because of the insufficiency of the foundation to justify the testimony was cured by the testimony of one of defendants that he came up to plaintiff, and talked to her immediately after the accident, though plaintiff was mistaken as to which one of defendant's she talked with.

The error in permitting a question calling for the conclusion of a witness is without injury, where the answer merely states a fact.

Whether one who left a cable suspended across a sidewalk was negligent and liable to a pedestrian stumbling on the cable **held**, under the evidence, for the jury.

A complaint, in an action for personal injuries, demanding damages for injuries suffered and expenses incurred prior to the commencement of the action, and evidence, received without objection, of plaintiff's illness, continuing up to the time of the trial, do not authorize an instruction permitting the jury in determining the damages to consider prospective suffering plaintiff will sustain by reason of the injury, together with expenses of physicians services plaintiff will in the future be subjected to by reason of the injury.

The error in an instructon, in an action for personal injuries, arising from the fact that it improperly authorized the jury, in view of the complaint and evidence, to consider future suffering and expenses, was reversible, though there was no competent evidence from which the jury could find that there might be future suffering and expenses.

(Opinion filed, April 15, 1909.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Orpha Miller against William McConnell and another, copartners as McConnell & Sampson. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Chauncey L. Wood*, for appellants. *Frank D. Bangs*, for respondent.

WHITING, J. This action is one in ordinary form, brought for the recovery of damages, which the plaintiff and respondent

claims she suffered from the negligent acts of the defendants and appellants. The cause was tried before court and jury, and resulted in judgment for the plaintiff. The appeal is from such judgment, and from an order of the trial court denying a new trial. The complaint is in the ordinary form, alleging negligence of the defendants, and the accident suffered by the plaintiff through such negligence. The answer denies any negligence, and sets up contributory negligence on the part of the plaintiff.

The undisputed facts are as follows: Defendants were engaged with a ditching machine in digging a ditch at Rapid City, this state, and at the time of the accident their ditching machine was located in an alley some 20 or 30 feet from the place where the sidewalk of the street crossing such alley crossed such street. This ditching machine was operated by means of a heavy cable, attached ahead of such ditcher to a heavy post or "dead man" set in the ground, and at the time of the accident the cable ran from the ditcher through the alley across the place where the crossing walk belonged, and was connected with the "dead man" set in the center of the street. The plaintiff, walking down the street after dark, claims to have stumbled on this cable where same crossed the walk crossing the alley. It appears without dispute from the testimony on both sides that the plaintiff did fall at the time and place claimed by her. The plaintiff claimed that there was no light or danger signal at the crossing, and that the cable was taut, and some 14 inches above the ground. She claims that, when walking along said sidewalk and across the crossing, it was so dark that she ran into the cable, being unable to see the same. The defendants claim that the cable had been slackened, and lay upon the ground, and furthermore that a danger signal in the form of a lighted lantern was placed close to the cable at the sidewalk crossing. Some other facts appear from the testimony; and in so far as the same may be material to the consideration of the errors claimed by appellant, we will refer to the same hereinafter.

Appellants claim that the evidence was insufficient to justify the verdict above, in that it failed to prove negligence on the part of said defendants, and also in that it proved contributory negligence on the part of the plaintiff. A detailed statement of all the

evidence would further no useful purpose, and we will dispose of
this contention with a mere statement that in our opinion there
was ample evidence from which the jury might have found its
verdict. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.

Upon the trial the daughter was allowed, over objection, to
testify as to what her mother told her immediately upon the moth-
er's return home after her injury. We think the circumstances
were such as to render this testimony incompetent, under rule of
res gestæ, but the receipt of the same was without injury to the
defendants, for the reason that the defendants themselves testified
to almost identically the same facts as the witness claims were told
her by her mother.

Error is also claimed in the admission, over objection, of the
testimony of the plaintiff concerning a conversation had between
her and a man who came up to her immediately after the accident,
and while she was at the place of the accident. She testified that
she thought he was one of the defendants. It is quite true that
this was insufficient foundation to justify the admission of this
testimony; but, inasmuch as one of the defendants testified to
facts showing that he came up to the plaintiff and talked with her
immediately after the accident, such testimony rendered the testi-
mony of the plaintiff competent, and cured the error, if any, even
although it appeared from the defendants' testimony that plaintiff
was mistaken as to which one of the defendants she talked with.

Error was also claimed in the admission, over defendants' ob-
jection, of testimony of plaintiff's daughter, in answer to a ques-
tion calling for a conclusion of the witness. Inasmuch as the an-
swer omitted any conclusion, and merely stated a fact, the error,
if any, in the question was without injury.

There were one or two more errors complained of, relating
to the admission of testimony, which we deem absolutely imma-
terial. The errors, if any, occurring upon this trial, which were
prejudicial to the rights of the defendants, were errors in the
learned judge's charge to the jury. Three instructions were given
to the jury, having been excepted to by the appellants.

In the first of these instructions the court virtually charged
the jury that, if the cable was left suspended across the sidewalk

in such a way as to be a dangerous obstruction, the defendants were liable to the plaintiff, regardless of whether they had placed a guard light near said cable. We think that this question of negligence should have been left with the jury, to be determined by them from all the circumstances and conditions as shown by the evidence in the case.

The second instruction excepted to was as follows: "The court instructs the jury that, in determining the amount of damage the plaintiff is entitled to they should take into consideration all of the facts and circumstances in evidence before them, the nature and extent of the plaintiff's physical injuries, if any, concerning which there is evidence in this case, the suffering of the plaintiff in body and mind, if any, resulting from such injuries, and also all prospective suffering and loss of health, if any, as the jury may believe from the evidence before them in this case she has sustained, or will sustain, by reason of such injuries, together with all expense for physician's services, nursing and drug bills, as she may have already been subjected to, or which the jury from the evidence believe she will in the future be subjected to by reason of the injury complained of, in all not to exceed the sum of $1,000 claimed in the complaint." In the complaint plaintiff's sole claim of damages was for injuries suffered, and expenses incurred, prior to the commencement of the action. It will be seen that this instruction allowed the jury to give damages for suffering which might endure even in time yet to come after the trial, and such instruction also allowed the jury to give verdict for medical services and drug bills which might result, from such injury, after such trial. Respondent claims that appellants waived their right to except to this instruction for the reason that, upon the trial, in her testimony the plaintiff testified, in relation to her injury and suffering therefrom: "This pain and sickness still continues up to the present time." It does not appear whether this answer was responsive to some question asked, so that the defendants could have interposed an objection to the question, but it does appear that there was no motion to strike the testimony from the record. It is probable that, from the receipt of this testimony and its remaining in record, the court would have been justified in leav-

ing with the jury the question of damages for suffering up to the time of the trial (11 Ency. P. & P. 165); but there was certainly nothing in this evidence that would allow the trial court to permit the jury to take into consideration, in determining the damages, if any, plaintiff was entitled to, "prospective suffering and loss of health * * * she will sustain by reason of such injury," or to allow the jury to take into consideration "expenses, or physician's services, nursing and drug bills * * * she will in the future be subjected to by reason of the injury." It is no answer to this to say that the defendant could not have been harmed for the reason that there was no evidence competent from which the jury could have inferred that there might be further suffering and expenses. The mere giving of such instruction might tend to lead the jurors to suppose that they had a right to presume that there would be such suffering and expenses from the mere facts that there had been suffering and expenses, and plaintiff had sworn that the suffering continued up to the time of the trial. It is impossible for this court to determine whether this instruction affected the verdict, but we must presume that it did.

The judgment of the lower court and the order denying a new trial are reversed.

SMITH and McCOY, JJ., not sitting.