King, J.,
delivered the opinion of the court.
Plaintiff in error filed his caveat in the County Court of Jefferson county against the probate of the will of August N. Thelander. The contestor was a nephew of the testator. So far as appears by the record, the entire estate of the testator was bequeathed to a nephew residing in Jefferson county, and another person whose relationship is not disclosed, thereby disinheriting a brother residing in Sweden, and a number of nieces and nephews of the testator, all of whom, with the exception of the contestor, were, nonresidents of the state, and, most of them, of the United States. From the judgment of the County Court sustaining the will, an appeal was taken to the District Court, where a verdict was returned and judgment rendered in favor of the proponents of the will.
No part of the evidence is preserved in the bill of exceptions, which contains only the instructions given, objections thereto, rulings on the objections, and exceptions reserved. The only errors assigned are to the giving of instructions numbered 16 and 17 over the objection of the plaintiff in error. The contention made is that the instructions named relate to the precise issues involved, are erroneous under any phase of the case, or any conceivable state of the evidence,' and, therefore, a conclusive presumption arises that the alleged errors were prejudicial, and the judgment must necessarily be reversed.-
*106 The province of a court of review is to redress real grievances, and not to. decide abstract questions of law. For that reason, the rule is general, if not of universal application, that a judgment will not be reversed on account of an erroneous instruction, unless it is made to appear probable that the jury were misled to the prejudice of the party alleging error. It is not sufficient to show that error in the abstract was committed in giving an instruction, but it must affirmatively appear that it was prejudicial, and, as a general rule, this can only be determined by a consideration of the evidence.
In the instant case, twenty-nine separate instructions were given, apparently covering.every conceivable phase of the case, and, as a whole, correctly advised the jury upon the law applicable thereto, so far as disclosed by the record here. The issues made include the question of mental incapacity of the testator to make a will, and the exercise of undue influence in procuring its execution. The sixteenth instruction is crude in grammatical construction, without suitable punctuation, vague, and, perhaps, ambiguous in meaning. It states, in subtance, that the laws of Colorado permit a person of lawful age to dispose of his property by will as he pleases, and that unless want of mental capacity in, or the exercise of undue influence upon, the testator, is shown by other clear and convincing evidence, the fact that preference was given by the testator to a niece or a nephew, o.r even to a stranger, thereby disinheriting brothers and sisters, or even children, would create no suspicion as to the mental capacity of the testator, nor that undue influence had been practiced upon him; and that such disposition, however unreasonable, should not be considered by the jury in arriving at its verdict as to the validity of the will. We think the interpretation we have given to the instruction is the meaning that it would convey to a jury. Taken by itself, this instruction is not an accurate statement of the law, as it appears to withdraw from the the jury the right to con *107 sider the terms of a will, whether reasonable or unreasonable, in accordance with or opposed to natural justice, in determining whether the decedent was capable of disposing of his property by will. While the mere fact that the provisions of a will are not in accordance with the ordinary conceptions of justice, would raise no legal presumption of mental incapacity or the exercise of undue influence, and, of itself, would be insufficient to invalidate a will, it would certainly have a tendency to .create a suspicion that such injustice was the result of some unusual influence or prejudice, and if clearly unreasonable, absurd or irrational, that suspicion might naturally be referred to mental incapacity o,r exercise of undue influence. It is obvious that if the disposition of property made in a will may not be considered at all until after the mental capacity or incapacity of the testator or the exercise of undue influence upon him has been proven by other clear and convincing evidence, — in which case it would be unnecessary and futile, — it is not material, and therefore not a subject of consideration at any time, which is directly contrary to the ruling in Lehman v. Lindenmeyer, 48 Colo. 304, 109 Pac. 956. Again, it is urged, and may be conceded, that the instruction, in so far as it requires proof of mental incapacríy Or HfldlA iliftlSíiée by clear and convincing evidence, contravenes the general rule that a preponderance of evidence is sufficient in civil cases. For the reasons given, the instruction, as an abstract proposition, does not contain a correct > announcment of legal principles. Nevertheless, we are of the opinion that, in the absence of the evidence, the error shown is not sufficient to. justify a reversal. An instruction that is merely defective, incomplete, inaccurate or ambiguous, may be cured by another instruction. Denver v. Murray, 18 Colo. App. 142, 70 Pac. 440; Ames v. Partridge, 13 Colo. App. 407, 58 Pac. 341; Stratton C. C. M. & D. Co. v. Ellison, 42 Colo. 498, 94 Pac. 303; Little Dorrit G. M. Co. v. Arapahoe G. M. Co., 30 Colo. 431, 71 Pac. 389; or *108 where the instruction leaves room for improper inferences —Anderson v. Donaldson, 32 Ill. App. 404. We think the error complained of was cured. By instruction numbered 6 the jury were advised that, in determining the question of mental capacity, they were at liberty to look at the provisions of the will, and if these were contrary to natural justice, that, with other facts, might be considered, but, of itself, would not be sufficient to invalidate the will, — using almost the language of the Supreme Court in Lehman v. Lindenmeyer, supra. By instructions numbered 20 and 21, the jury were informed that a preponderance of the evidence only was required, and would be sufficient upon any issue. The jury were also advised that no single instruction contained all the law, but that the instructions must be considered as a whole, — and so considered, in the absence of evidence, we regard it as highly improbable that the jury were misled by the errors pointed out. We think it is fair to assume that if the evidence is of a character to show that the erroneous instruction would of necessity, or probably, mislead the jury, the evidence would have been laid before us to support the technical errors contained in the instruction. We must presume that the evidence was sufficient to sustain the verdict, As was said in Rice v. Williams, 18 Colo. App. 330, 335, 71 Pac. 433, 434:
“For aught that appears, there was no conflict in the testimony. Without an opportunity to examine it, it is impossible for use to know whether there was or not. It, may have been so conclusive as to preclude any verdict but the one which was returned; and if so, the language of the instruction is not very material.”
The first sentence of the seventeenth instruction, taken alone seems to justify the strictures made upon it by counsel, but, as explained by other parts of the same instruction, it cannot be regarded as harmful.
The judgment will be affirmed.

Affirmed.