## No. 8802.

### COOKMAN *v.* CALDWELL.

DAMAGES—*Personal Injury—Future Suffering.* Action for assault and battery. The plaintiff relied solely upon her own testimony, and failed to show with reasonable certainty that she would in the future indure suffering as a result of the assault. An instruction that the jury should consider the probable effect "of the injury upon plaintiff's future health and strength" was held error.

*Error to Lincoln District Court, Hon. J. W. Sheafor, Judge.*

Messrs. HAYT, DAWSON & WRIGHT, for plaintiff in error.

Mr. LOUIS VOGT, Mr. C. B. HORN, for defendant in error.

Opinion by Mr. Justice Allen.

This is an action wherein the plaintiff below brought suit against the defendant below for damages sustained by reason of an alleged assault and battery.

The only question necessary to be considered upon this review is whether or not the evidence was sufficient to warrant an instruction wherein the jury are told that in determining the amount of damages which the plaintiff shall recover, they should consider "the probable effects" of the physical injuries sustained upon plaintiff's "future health and strength."

No testimony was submitted on behalf of plaintiff except that of herself. She testified, so far as concerns the question under consideration, to the following effect: That the assault and battery was committed on March 5, 1915, about one month prior to the time of trial. That while plaintiff was sitting in a rocking chair the defendant grabbed her by the arm and jerked her out of the chair; that he then threw her against a door casing; that her shoulder struck the door casing; that the defendant then shoved her in the back with his hands; and that the striking of her back sprained it, and her head hurt after that. The plaintiff testified further, as follows:

"The next morning after the occurrence my shoulder was all swollen up. Since that time, whenever I try to lift or do any washing or anything, my arm swells up and my back hurts; up and down the spine; and I get nervous at those times."

Enough of the evidence has been herein set forth to show plaintiff's strongest, and substantially all, testimony on the matter in question. We are of the opinion that this evidence was insufficient to warrant the instruction given.

An examination of many cases where the evidence was held to be sufficient to authorize an instruction permitting a recovery for future pain and suffering, discloses that in most of such cases the injuries received were of such nature that the injured person must of necessity undergo pain and suffering in the future.

It may be said in the case at bar as is stated in *Shawnee-Tecumseh Traction Co. v. Griggs*, (Okla.) 151 Pac. 230:

"The only evidence of present pain was given by the plaintiff herself, and she could not, with reasonable cer-

tainty, testify that she would suffer, and most certainly she could not say how much she would suffer, in the future (*Atlanta St. R. Co. v. Walker*, 93 Ga. 462, 21 S. E. 48) ; and the injuries complained of were not such as would warrant the jury in inferring that she would suffer pain in the future, all of the injuries being plainly subjective.   Evidence by experts that there would, to a reasonable certainty, be future pain and suffering is wholly lacking in the case."

In the case at bar there was no evidence of a patent physical fact, such as the loss of a limb or any other physical impairment, that would by observation be apparent to the jury, and show that the plaintiff had received a permanent injury or would necessarily suffer pain for some period of time, or would be affected in health and strength, in the future.   The evidence did not show to a reasonable certainty that the plaintiff would endure pain and suffering in the future as a result of the assault and battery complained of. The testimony of the plaintiff was all concerning a latent injury which was not apparent, and would leave the jury to conjecture whether or not it would affect her future health and strength.   The facts narrated by plaintiff were not such that, as a matter of common knowledge, some future pain and suffering would be inevitable.   "Pain and suffering which are merely possible and speculative are, of course, not to be considered."   8 R. C. L. 544, sec. 94.

"The evidence, to justify a recovery of damages because of future pain and suffering, must be so certain and definite that its existence is not left to the mere imagination or guess work of the jury."   13 Cyc. 216, and cases collected in note 33.

·  The evidence was insufficient to warrant the instruction complained of.   The jury allowed plaintiff $500 damages. Such sum would suggest that a part of the recovery was allowed on account of impairment of health and strength in the future.   In the language of the opinion in *Miller v. McConnell*, 23 S. D. 137, 120 N. W. 888, it may be said, "it is no answer to say that the defendant could not have been harmed by the reason that there was no evidence competent

from which the jury could have inferred that there might be further suffering. * * * The mere giving of such instruction might tend to lead the jurors to suppose that they had a right to presume that there would be such suffering * * * from the mere fact that there had been suffering, and plaintiff had sworn that the suffering continued up to the time of the trial. It is impossible for this court to determine whether this instruction affected the verdict, but we must presume that it did."

For the reasons above named the judgment is reversed and the cause remanded.

Reversed and remanded.

Decision *en banc.*

Hill, C. J., dissents.