## No. 13,600.

### BROWN *v.* MAIER.
(38 P. [2d] 905)

Decided November 26, 1934. Rehearing denied December 17, 1934.

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Messrs. YEAMAN, GOVE & HUFFMAN, Mr. SHERMAN A. SUTLIFF, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiff, a child appearing by his father as next friend, sued for damages sustained in an automobile collision at a street intersection in Denver, June 10, 1932,

at which time he was less than two years old. On a verdict in his favor for $6,095.95 judgment was entered, to review which defendant prosecutes this writ and asks that it be made a supersedeas. The alleged errors are thus grouped and argued: (1) The court's ruling that the state statute and not the city ordinance governed the right of way on street intersections in Denver; (2) the overruling of defendant's motion for a mistrial; (3) the admission of certain medical testimony; (4) the giving and refusing of certain instructions.

1. Defendant pleaded the city ordinance giving the right of way at street intersections to the driver on the right. The court sustained a motion to strike on the theory that the state statute giving the right of way to the driver who first entered the intersection was controlling. In *Denver v. Henry*, 95 Colo. 582, 38 P. (2d) 895, this day decided, we have held, in a situation identical with this, that the right of way at a Denver street intersection is controlled by the ordinance, not the statute. Hence the ruling here was erroneous.

2. Since it cannot be presumed that the occasion which produced this alleged error will arise on a new trial it requires no present consideration.

3. A physician (witness for plaintiff) being asked which of plaintiff's injuries were "permanent in nature" answered, "The injury to his brain, I feel, is of considerable permanency; we have possibilities of developing various other disorders, particularly epilepsy." Motion to strike this answer was overruled. In support of that motion 17 C. J. 753 and 764, and *Cookman v. Caldwell*, 64 Colo. 206, 170 Pac. 952 are cited. The motion was to strike the entire answer, the first part of which was clearly proper. As to the second the witness had already given the same testimony without objection. Hence the assignment is without merit.

4. Defendant alleged that the accident was caused by the negligence of the driver of the car in which plaintiff was riding. His requested instructions 1,

11 and 12 presented this defense of proximate cause, but omitted the word "sole." For that reason they were properly refused. *Small v. Clark,* 83 Colo. 211, 263 Pac. 933.

Defendant's requested instruction No. 13, which was refused, reads in part: "Unless you further find from a preponderance of the evidence that the throwing of plaintiff out of his automobile and into the street could have been reasonably foreseen or anticipated by the defendant as the result of said negligence, if any, your verdict must be against plaintiff and in favor of defendant." In support of this instruction counsel cite only *Colo. M. & I. Co. v. Giacomini,* 55 Colo. 540, 568, 136 Pac. 1039. That authority merely holds that some injury, occurring in some manner, to some person, should be reasonably anticipated. It is against the instruction.

Defendant's requested instruction No. 18 was for special findings. Such an instruction is discretionary, and no abuse appearing, its refusal was not error. *Denver Electric Co. v. Simpson,* 21 Colo. 371, 41 Pac. 499.

Error is also assigned to the giving of the court's instructions 5, 6 and 8. No authority is cited in support of these assignments and we perceive no error in the instructions.

For the court's error in striking the plea of the ordinance the judgment is reversed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.

MR. JUSTICE BUTLER, MR. JUSTICE CAMPBELL and MR. JUSTICE BOUCK dissent.

MR. JUSTICE BUTLER, dissenting.

For the reasons stated in the dissenting opinion in *City and County of Denver v. Henry,* 95 Colo. 582, 38 P. (2d) 895, I dissent from the decision in this case. MR. JUSTICE CAMPBELL and MR. JUSTICE BOUCK concur herein.

*On Petition for Rehearing.*

Mr. Justice Burke.

This judgment was reversed on a single error and on the authority of *Denver v. Henry,* 95 Colo. 582, 38 P. (2d) 895, decided here the same day. In that case a petition for rehearing, directed to the question common to the two cases, i. e., Does a city ordinance or state statute control the right of way at street intersections in the city of Denver, has this day been denied. So far as it goes to that question the petition for rehearing herein is identical with the petition in the Henry case. A question of procedure is, however, raised by this petition, i. e., that defendant in error did not request final judgment on application for supersedeas, and has been deprived of his right to oral argument under Rule 43.

 Final judgment here, on application for supersedeas, even when not requested, is provided for by Rule 55 and is a common practice in this court. Oral arguments are granted only on request, and are subject to reasonable regulation by the court. C. L. 1921, §5626.

It follows that failure to request oral argument on supersedeas, in case the court should render final judgment on the application, is a waiver in such case, and this has long been the practice. Counsel made no such request in the instant case. The briefs were most exhaustive and contain no suggestion that arguments are incomplete. The reply brief was filed September 7, 1934. The Henry case was then at issue and therein the sole question was that on which this judgment was reversed. The first brief therein, filed August 7, 1934, requested final judgment on the application for supersedeas and that request was repeated in the succeeding briefs, with no suggestion for oral argument. Our conclusion in the Henry case disposes of this.

Rehearing denied.

Mr. Justice Butler, Mr. Justice Campbell and Mr. Justice Bouck dissent.