No. 14,690.

ESTATE OF MORRISH.

WHEELER v. MORRISH.
(97 P. [2d] 442)

Decided December 18, 1939.

Mr. Arthur E. March, for plaintiff in error.

Mr. Fancher Sarchet, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

It is not the practice of this court on granting or denying application for supersedeas to write an opinion or state its reasons. Since, however, the present application belongs to a large and increasing class in which there appears a misconception among certain members of the bar as to the purpose and application of our rule and the practice of the court, it seems advisable that we elucidate. We hereinafter refer to plaintiff in error as plaintiff and defendant in error as defendant.

Plaintiff filed a claim against the estate and against the husband of deceased. The executor disallowed it but on trial in the county court a verdict was obtained for a portion of it. The verdict was set aside and the allowance more than doubled by the court. Defendant only, widower and heir, purported to appeal to the district court. The result of the trial there was to reduce the claim slightly below the amount allowed by the jury in the county court. To review that judgment plaintiff

sues out this writ and asks that it be made a supersedeas. Both parties have requested final disposition, on the merits, on this application on the sole ground that the estate is in process of settlement and they desire hasty disposition. Defendant requests oral argument. The final judgment involved was for $950.

Oral arguments, when requested, are a matter of right. '35 C. S. A., vol. 2, c. 46, §17. They are, however, subject to reasonable regulation by the court and failure to request constitutes a waiver. *Brown v. Maier*, 96 Colo. 1, 38 P. (2d) 905. This court may finally dispose of a cause when supersedeas is denied. Rule 55. Unless the cause is finally disposed of on the application oral arguments thereon are not permitted, but that the right may be preserved our rule provides for such a contingency when a separate written request for such argument is filed within five days from the expiration of the time for reply brief on the application. Rule 43 as amended effective April 8, 1935. In cases of preference or emergency, as for instance where it is necessary to save costs to indigent litigants, or where delay may result in gross injustice, it has been our practice to waive abstract and printed briefs, grant oral argument, and enter final judgment on the application for supersedeas.

Resulting from the foregoing the custom is growing for counsel in ordinary cases, where no preference or emergency exists, to join in a request for oral argument and final disposition on the application. If granted the simple result is that preference is thus given such cases and they are automatically pushed to the head of the docket. The instant case is an excellent example.

No disputed fact is here involved. The sole questions presented are, May an heir appeal, from the county court to the district court, a ruling on the allowance of a claim against the estate, and if so is an order of the county court allowing such appeal essential? Those questions are very exhaustively argued in the thirty pages of

briefs before us. The cause might well be disposed of thereon but the request for oral argument forbids, and since no good reason is given why this action should take precedence we decline present final disposition.

The supersedeas is accordingly granted and the bond fixed in the sum of $1500.