No. 22375.

BARTER MACHINERY AND SUPPLY COMPANY *v.*
WILLIAM M. MUCHOW.
(453 P.2d 804)

Decided May 5, 1969.    Rehearing denied May 26, 1969.

WELLER, FRIEDRICH and HICKISCH, JAMES C. FATTOR, for plaintiff in error.

SAMUEL J. EATON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

A DENVER district court jury awarded the defendant in error, to whom we will refer as plaintiff, the sum of $9500 in a damage suit. It is contended by the defendant in this writ of error that the verdict is grossly excessive and was the result of the jury being erroneously instructed by the trial court that it could consider in awarding damages permanent injuries and future pain and suffering claimed by plaintiff.

The plaintiff was 78 years old and while a customer in the defendant's business establishment was attacked and knocked down by a chained watch dog which he accidently encountered on defendant's premises. Defendant concedes that the court properly submitted the issues of negligence and contributory negligence to the jury and that there was evidence to support the determination of liability against the defendant. However, the plaintiff's injuries were slight, and the evidence was that he suffered a bruise on his right buttock about four inches in diameter and two abrasions on his lower left

thigh. His total medical bills were $82.50 plus $27 for x-rays and $10.41 for a pharmaceutical bill. Property damage was established as $70.50, consisting of a torn pair of trousers which plaintiff valued at $22.50 and $48 for a broken pair of glasses.

There was no medical testimony establishing that plaintiff sustained permanent injury. He testified that he had continuous lower back pain, but there was no medical evidence connecting his complaints to the slight injury sustained when the dog knocked him to the ground. In fact, the medical testimony was that the back pains were consistent with an arthritic condition, unrelated to the incident, and attributable to plaintiff's advanced age.

■ Notwithstanding the lack of expert testimony concerning permanent injuries or competent medical evidence of probable future pain and suffering attributable to the dog-attack, the court instructed the jury that it could consider as an element of damage permanent injury and future pain and suffering. This was error.

■ The general law concerning instructions to the jury on the issue of permanent injury has been stated in 22 Am. Jur. 2d *Damages* § 354, as follows:

"In an action for personal injuries, the court should not give an instruction allowing the jury to assess damages, for permanent injuries or lasting impairment of health unless there is evidence showing, with reasonable certainty, that such permanent injuries or lasting impairment of health have been in fact sustained by the plaintiff. * * *"

This court adopted such rule in *Cookman v. Caldwell*, 64 Colo. 206, 170 P. 952, and also in *Stahl v. Cooper*, 117 Colo. 468, 190 P.2d 891.

■ Plaintiff persuaded the trial judge to instruct the jury on permanent injury and future pain even though such evidence came only from the plaintiff himself. Evidence such as given by plaintiff in this case will not support the giving of instruction on permanent injuries.

As this court stated in the *Cookman* case, *supra,* quoting from *Shawnee-Tecumseh Traction Co. v. Griggs,* 50 Okla. 566, 151 P. 230:

"The only evidence of present pain was given by the plaintiff herself, and she could not, with reasonable certainty, testify that she would suffer, and most certainly she could not say how much she would suffer, in the future * * *; and the injuries complained of were not such as would warrant the jury in inferring that she would suffer pain in the future, all of the injuries being plainly subjective. Evidence by experts that there would, to a reasonable certainty, be future pain and suffering, is wholly lacking in the case. * * *"

██ Commenting on the Cookman evidence itself, this court further added:

"In the case at bar there was no evidence of a patent physical fact, such as the loss of a limb or any other physical impairment, that would by observation be apparent to the jury, and show that the plaintiff had received a permanent injury or would necessarily suffer pain for some period of time, or would be affected in health and strength, in the future. The evidence did not show to a reasonable certainty that the plaintiff would endure pain and suffering in the future as a result of the assault and battery complained of. The testimony of the plaintiff was all concerning a latent injury which was not apparent, and would leave the jury to conjecture whether or not it would affect her future health and strength. The facts narrated by plaintiff were not such that, as a matter of common knowledge, some future pain and suffering would be inevitable. 'Pain and suffering which are merely possible and speculative are, of course, not to be considered.' 8 R.C.L. 544, sec. 94."

This is the closely analogous situation in the instant case.

Another assignment of error advanced by the defendant was to the court's refusal to allow a question which, if asked and answered, would put in issue the credibility of the plaintiff as a witness. We are advised that the

plaintiff is now deceased so on re-trial the question could not be directed to the plaintiff. We, therefore, decline to rule on the matter.

The judgment is reversed and the cause remanded to the trial court for new trial on the issue of damages alone.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.