527 P.2d 1175 (1974)
Anthony BRITTIS, Plaintiff-Appellant,
v.
Margaret FREEMON, Defendant-Appellee.
No. 73-311.
Colorado Court of Appeals, Div. I.
September 10, 1974.
As Modified on Denial of Rehearing October 1, 1974.
Certiorari Denied November 25, 1974.
*1177 Hindry & Meyer, Arnold C. Wegher, Richard S. Hays, Denver, for plaintiff-appellant.
Williams, Erickson & Wallace, R. Neil Quigley, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
This case arose from an automobile accident on August 14, 1965. While stopped at a red traffic signal, plaintiff's automobile was struck from the rear by a vehicle operated by defendant. Plaintiff had a pre-existing arthritic condition which was allegedly aggravated by this accident. At the close of all the evidence, the trial court granted plaintiff's motion for a directed verdict of liability against defendant, and submitted to the jury the issues of whether plaintiff sustained injuries as a proximate result of defendant's negligence and, if so, the amount of damages. The jury returned a verdict for plaintiff, but found no damages. Plaintiff appeals. We reverse.

Effect of Directed Verdict of "Liability"
The plaintiff first asserts that, as a matter of law, he is entitled to an award of damages where there has been a directed verdict on the issue of "liability." We disagree. A directed verdict of "liability," or more accurately, "negligence," results when a trial court finds, as a matter of law, that defendant has by his acts or omissions breached a duty which he owed to plaintiff. In order to be entitled to damages plaintiff must also show what injuries if any, resulted directly and proximately from defendant's negligence. This issue generally involves questions of fact and is not disposed of by a directed verdict as to liability or negligence. Roth v. Stark Lumber Co., 31 Colo.App. 121, 500 P.2d 145; and Block v. Balajty, 31 Colo.App. 237, 502 P.2d 1117. Thus, where, as here, there is conflicting evidence on the damages issue, the questions of whether defendant's negligence was the proximate cause of plaintiff's injuries, and the amount of plaintiff's damages, must be submitted to the jury for its determination.

Inability To Apportion Damages
Plaintiff argues that the trial court erred in refusing to instruct in accordance with Newbury v. Vogel, 151 Colo. 520, 379 P.2d 811, which is the source of Colorado Jury Instructions 6:8 on aggravation of a pre-existing condition. The instruction, as given by the trial court, reads as follows:
"If you find that before the accident plaintiff, Anthony Brittis, had a physical ailment or disability, he is not entitled to recover for any such physical ailment or disability which may have existed prior to the accident, or for any ailments or disabilities from which plaintiff may now be suffering which were not proximately caused by the accident."
While this instruction would have been clearer if it had been stated in the words of Colorado Jury Instructions 6:8, it essentially paraphrases the first paragraph of that pattern instruction. However, the court declined to give the second paragraph of Colorado Jury Instructions 6:8, which states:
"Where a pre-existing condition exists which has been aggravated by the accident, it is your duty, if possible, to apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident. But if you find that the evidence does not permit such an apportionment, then the defendant is liable for the entire disability."
The court also instructed the jury that plaintiff had to establish his case by a preponderance of the evidence, that no verdict could be based on conjecture, and that:
"If you find from the evidence that the plaintiff sustained no injuries or *1178 damages proximately caused by the collision with defendant's vehicle, you are instructed to complete the form of verdict tendered to you by writing the word `None' in the space immediately following the dollar sign."
These were the totality of the court's instructions on the issues related to the manner in which the jury should consider plaintiff's pre-existing condition.
The adequacy of these instructions, as they relate to this issue, must be determined by reading them as a whole. Nelson v. Nelson, 27 Colo.App. 104, 146 P. 1079. In these terms, their net effect was to direct that plaintiff could recover only for that portion of his present disability which was proximately caused by defendant's negligence. Absent the complicating factor of a pre-existing condition, such instructions would have been correct.
The court's instruction ordered the jury to enter the word "none" if they found no damages proximately caused by defendant's negligence and the jury was not given the second half of the Newbury instruction. Hence, we cannot ascertain whether they found no damages at all or whether they were compelled, pursuant to the court's instructions, to conclude that plaintiff must not recover any damages unless he was able to prove which part of his injuries were proximately caused by the accident.
However, the evidence, without dispute, established that plaintiff's suffering was aggravated by the accident, and there was expert medical testimony, adduced upon trial, from which the jury could have found that it was impossible to ascertain the quantum of present pain and suffering attributable to aggravation of the pre-existing arthritic condition. Under such circumstances, the limiting effect of the instructions given violates the principles enunciated by Newbury.
The trial court refused to give the second half of the Newbury instruction because it determined that the total instruction can be given only if plaintiff has proven, by a preponderance of the evidence, impossibility of apportionment. This was error. See Blaine v. Byers, 91 Idaho 665, 429 P.2d 397. To understand why the burden is not on plaintiff to prove impossibility of apportionment, we must analyze the legal principles implicit in the holding of Newbury v. Vogel, supra. It is axiomatic that the law of negligence is based on a "fault" philosophy. One of the fundamental principles which underlies negligence philosophy is that a tortfeasor takes his victim as he finds him and is responsible for the results of his negligence to that particular victim. Fischer v. Moore, Colo., 517 P.2d 458. See W. Prosser, Torts § 50; and Restatement (Second) of Torts § 461.
If we accept the proposition that defendant takes his victim as he finds him, it is logical to place the burden on defendant to establish that portion of plaintiff's present condition for which he is not responsible. Therefore, we hold that where plaintiff shows (1) that he had a pre-existing condition and (2) that, as a proximate result of defendant's negligence, this condition was aggravated, the giving of Colorado Jury Instructions 6:8, in its entirety, becomes mandatory. The burden of proof, when plaintiff has made such a showing, is upon defendant to establish facts, which will permit the jury to apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident.
The same result obtains under the general rule that a party to lawsuit is entitled to an instruction embodying his theory of the case if there is evidence to support it. Renell v. Argonaut Liquor Co., 148 Colo. 154, 365 P.2d 239. We note that Newbury v. Vogel, supra, is often cited for the same proposition as Renell v. Argonaut Liquor Co., supra. See Orth v. Bauer, 163 Colo. 136, 429 P.2d 279.
We emphasize that Colorado Jury Instructions 6:8 is not severable and should never be given only in part. In the event *1179 there is, as a matter of law, no evidence of aggravation of a pre-existing injury or if defendant establishes, as a matter of law, the proper apportionment, the proximate cause instruction is sufficient to guide the jury in its deliberations.

Loss Of Future Earning Capacity
Plaintiff objected to the court's instruction defining damages, on the ground that his theory that he has suffered an impairment of future earning capacity was not adequately presented by that instruction. We agree. The pertinent part of the court's instruction states:
". . . If you find that, as a result of the defendant's negligence, the plaintiff will necessarily endure or incur, in the future physical or mental pain and suffering, or permanent injuries or disability, then you shall take these matters into consideration in assessing damages, insofar as such items have been established by the evidence."
This portion of the instruction is essentially a verbatim recitation of Colorado Jury Instructions 6:1 with the exception that the court has deleted the words "loss of earnings or impairment of future earning capacity" based upon its determination that because plaintiff changed jobs soon after the accident, an award of damages for loss of future earning capacity would be based upon speculation. However, as a general rule, recovery of damages will not be denied because the amount is difficult of ascertainment. Donahue v. Pikes Peak Automobile Co., 150 Colo. 281, 372 P.2d 443. The rule which disallows recovery of uncertain damages is only applicable to those damages that are not certain to be the result of the defendant's negligence, and does not apply where the damages were proximately caused by the negligence but are uncertain in respect to the amount. A to Z Rental, Inc. v. Wilson, 413 F.2d 899 (10th Cir.). See Pawnee Farmers' Elevator Co. v. Powell, 76 Colo. 1, 227 P. 836.
The term "loss of future earning capacity" is misleading. It makes no difference whether the injured party intended to work in the future. In determining the compensation to be awarded for the impairment of physical capacity and ability to earn, the test to be applied is what the capacity would have been if not interfered with because of the injury proximately caused by defendant. Moyer v. Merrick, 155 Colo. 73, 392 P.2d 653.
Thompson v. Tartler, 166 Colo. 247, 443 P.2d 365, illustrates the circumstances that will support an award for impairment of physical capacity and impairment of the ability to earn. The evidence there disclosed that the fourteen-year-old plaintiff had substantial musical talent; that he was concentrating his efforts to perform professionally; and that at the time of trial, five years after the accident, there was atrophy, tenderness, and neuromuscular complications in his left shoulder and hand. Under these circumstances, the Supreme Court held that it was proper to instruct that if the jury found that plaintiff's injuries resulted from defendant's negligence and tended to diminish or did diminish his ability to play a musical instrument, they could consider this fact in assessing damages.
In the case at bar, evidence was introduced that plaintiff was a neurosurgeon and that the number of hours per day that he could perform as a neurosurgeon were restricted because of the pain which resulted from the aggravation of the injury. This was competent evidence of the probable impairment of future earning capacity. Therefore, the trial court should have instructed the jury as to plaintiff's right to recovery for loss of future earning capacity.
Judgment reversed and cause remanded for a new trial on the issue of causation and amount of damages, if any.
PIERCE and RULAND, JJ., concur.