**Gina (Gigi) BORYLA, Plaintiff–Appellee and Cross–Appellant,**

v.

**Robert M. PASH, M.D., Defendant– Appellant and Cross–Appellee.**

**No. 94CA1157.**

Colorado Court of Appeals,
Div. V.

July 25, 1996.

Rehearing Denied Sept. 26, 1996.

Certiorari Granted May 19, 1997.

Grimshaw & Harring, P.C., Lisa K. Norberg, William J. Brady, Denver, for Plaintiff–Appellee and Cross–Appellant.

Kennedy & Christopher, P.C., John R. Mann, Elizabeth A. Starrs, Douglas J. Cox, Denver, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge CASEBOLT.

In this medical malpractice action, defendant, Robert M. Pash, appeals the judgment entered upon a jury verdict awarding plaintiff, Gina Boryla, $220,000. Boryla cross-appeals, requesting additional prejudgment interest and costs. We affirm in part and reverse in part.

Pash negligently diagnosed a malignant lump in Boryla's breast as being benign, resulting in a 92–day delay in detecting her breast cancer. After the cancer was correctly diagnosed, Boryla underwent a radical mastectomy and removal of her lymph nodes. Boryla concedes that this operation would have been necessary even if there had been no delay in the detection of the cancer. The operation and subsequent chemotherapy were successful in removing the cancer, and as of the date of trial four years after the misdiagnosis, Boryla was cancer free.

In her complaint, Boryla alleged that she was exposed to an "increased risk of recurrence" of cancer as a result of Pash's negligence. She sought damages for:

i) past, present and future pain, suffering and discomfort, both physical and mental;

ii) severe and at times debilitating emotional distress, including fear of an increased risk of recurrence of cancer;

iii) loss of enjoyment of life, past, present and future;

iv) loss of time; and

v) reasonable and necessary medical and other incidental and out-of-pocket expenses.

The principal issue at trial was the effect of the delay in the detection of the cancer upon the risk that Boryla would experience a recurrence of cancer and also whether, as a result of the delay in diagnosis, she suffered a reasonable fear of increased risk of developing cancer in the future. While conceding

that the delay had no effect on her treatment or recovery from cancer, Boryla nevertheless contended that, during the delay, there was an increase in the number of cancer cells in her body because of growth in the tumor and, as a result, there was an increased likelihood that her cancer would recur. Thus, she contended, she was entitled to damages for that increase and fear of that risk.

After completion of Boryla's case-in-chief, Pash moved for a directed verdict, asserting that Boryla had failed to prove physical manifestations or mental illness under *Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978), and that Boryla had failed to prove entitlement to damages for an increased risk of cancer or fear of such an increased risk. The trial court reserved ruling until after the verdict.

The trial court instructed the jury to award Boryla damages for noneconomic losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life caused by an increased risk of cancer that resulted from an increase of cancer cells in her body, together with economic losses for expenses of counseling and therapeutic services. The jury awarded no economic damages, but did award $220,000 for noneconomic losses.

Pash later renewed his motion for directed verdict and filed a motion for judgment notwithstanding the verdict, both of which were denied. This appeal followed.

### I.

Pash asserts that, as a matter of law, Boryla cannot recover damages for an increased risk of cancer recurrence because she failed to prove to a reasonable medical probability that the future harm was more likely than not to occur. Therefore, he contends, the trial court erroneously failed to grant his motion for directed verdict and motion for judgment notwithstanding the verdict on this issue. We agree.

■ The essential nature of a damage claim predicated on enhanced risk of disease is a claim for damages based on prospective injury. Such a claim is conceptually exemplified by a personal injury plaintiff with a damaged knee who seeks to recover damages for the prospective onset of an arthritic condition that may result from the knee injury. *See Mauro v. Raymark Industries,* 116 N.J. 126, 561 A.2d 257 (1989).

Traditionally, claims for increased risk of cancer damages proximately caused by a defendant's negligence have not been allowed unless there is sufficient evidence that occurrence of the future disease is reasonably probable. *See Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188 (6th Cir.1988) (predicted future disease must be reasonably certain before such damages may be recovered); *Herber v. Johns–Manville Corp.,* 785 F.2d 79 (3d Cir.1986) (future injury must be shown to be a reasonable medical certainty in order to be compensable); *Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129 (5th Cir.1985) (plaintiff must show that future injury will occur by a preponderance of the evidence in order to recover); *Mauro v. Raymark Industries, supra; Ayers v. Township of Jackson,* 189 N.J.Super. 561, 461 A.2d 184 (Law Div.1983) (damages for prospective consequence of negligence recoverable if reasonable probability injury will occur); Restatement (Second) of Torts § 912 comment e (1979) (injured person seeking to recover for harms that may result in the future is entitled to damages based on the probability that harm will ensue and upon its probable seriousness). *See also Day v. NLO,* 851 F.Supp. 869 (S.D.Ohio 1994); *Anderson v. W.R. Grace & Co.,* 628 F.Supp. 1219 (D.Mass. 1986).

The rationale for this standard when such damage claims are involved is that permitting recovery of increased risk of cancer damages should not be based upon speculation. Otherwise, recovery would violate the general precept that an injury must be shown with reasonable certainty and not be left to conjecture. *See Cantrell v. GAF Corp.,* 999 F.2d 1007 (6th Cir.1993); *Schweitzer v. Consolidated Rail Corp.,* 758 F.2d 936 (3d Cir.1985); *Ayers v. Township of Jackson,* 106 N.J. 557, 525 A.2d 287 (1987); *Lavelle v. Owens–Corning Fiberglas Corp.,* 30 Ohio Misc.2d 11, 507 N.E.2d 476 (1987). *See also* W. Prosser & P. Keeton, *Prosser & Keeton*

*on Torts* § 30 (5th ed.1984) (the threat of future harm, not yet realized, is not enough).

Likewise, in Colorado, damages for prospective and anticipated consequences are only recoverable when there is a "reasonable certainty" that a future injury will arise. *Cookman v. Caldwell*, 64 Colo. 206, 208, 170 P. 952, 953 (1918); *see Barter Machinery & Supply Co. v. Muchow*, 169 Colo. 100, 453 P.2d 804 (1969) (plaintiff must prove future harm is more likely than not to happen before damages for future harm may be awarded). *See also Brittis v. Freemon*, 34 Colo. App. 348, 527 P.2d 1175 (1974)(to recover damages for prospective loss, injury must be probable).

A trial court is obligated to present proper instructions in support of a party's theory of the case when there is evidence in the record upon which to base such instructions. *Martinez v. Shapland*, 833 P.2d 837 (Colo.App.1992). If there is insufficient evidence to support a particular theory, however, it is error for the trial court to submit an instruction concerning such theory. *See Koehn v. R.D. Werner Co.*, 809 P.2d 1045 (Colo.App.1990).

Here, viewing the evidence in the light most favorable to the verdict, there was no evidence that any cancer recurrence was more likely than not. Consequently, Boryla's claim for damages due to an increased risk of cancer recurrence should not have been presented to the jury. Indeed, the trial court stated that it intended to preclude Boryla from obtaining a recovery for an enhanced risk of cancer in the future. However, the record reveals that the trial court did, in fact, instruct the jury as to damages for the increased risk of cancer. The court gave an instruction which stated, in pertinent part:

> In determining such damages you shall consider the following:
>
> 1. any noneconomic losses or injuries incurred to the present time, or which will probably be incurred in the future including: pain and suffering; inconvenience; emotional stress; and impairment of the quality of life caused by an increased risk of cancer due to an increase of cancer cells in her body.

> 2. any economic loss consisting of expenses for counseling and therapeutic services.

Thus, by this instruction, the court incorrectly allowed the jury to award damages for the increased risk.

Accordingly, we agree that the trial court should have directed a verdict on this issue and that the instruction concerning damages was erroneous.

## II.

Pash next contends that, for the same reasons set forth above, Boryla cannot recover emotional distress damages for *fear* of an increased risk of harm that is not likely to occur. Essentially, Pash contends that a claim for damages due to *fear* of an increased risk of cancer and a claim for damages because of the increased risk itself are indistinguishable and that both require the occurrence of the disease in the future to be more likely than not. Therefore, Pash reasons, because Boryla presented no evidence that a cancer recurrence was more likely than not, Boryla may not recover damages for any *fear* of a recurrence. Under the circumstances here, we disagree.

While damages for increase in the risk of contracting a disease in the future may or may not be recoverable as noted above, nevertheless, a present fear or anxiety induced by the possibility of contracting a disease constitutes an existing component of mental anguish and may be included in recoverable damages. *See Cantrell v. GAF Corp, supra* (plaintiff can recover for present fear that he will contract cancer even though he cannot recover for the increased risk of cancer in the future); *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir.1986).

In *Hagerty*, the plaintiff was injured when he was drenched with a compound that had carcinogenic effects. Although he did not have cancer at the time of trial and had suffered no manifestations of any symptoms or ailments attributed to cancer, nevertheless, he was fearful that he would contract the disease.

The court held that, with or without physical injury or impact, a plaintiff is entitled to recover damages for serious mental distress arising from fear of developing cancer when his or her fear is reasonable and causally related to the defendant's negligence. However, concluding that a plaintiff can recover damages for an increased risk of contracting cancer only when he or she can show that the defendant's act or omission more probably than not will lead to cancer, the court barred the increased risk damages because no evidence was presented to show that such a risk was more likely than not. *See also Herber v. Johns–Manville Corp., supra* (in asbestos exposure case, failure to offer evidence that would permit factual finding that plaintiff would more likely than not experience cancer in the future precludes claim for damages due to risk of cancer; nevertheless, emotional distress damages for fear of cancer allowed); *Devlin v. Johns–Manville Corp.*, 202 N.J.Super. 556, 495 A.2d 495 (1985) (in asbestos case, no damages recoverable for enhanced risk of cancer, but recovery allowed for medical monitoring damages and emotional distress damages caused by fear of cancer).

In *Sterling v. Velsicol Chemical Corp., supra*, plaintiffs in a class action sought damages from a chemical company for personal injuries resulting to residents who lived near the company's chemical waste burial site and who consumed contaminated well water. The court held, in pertinent part, that when the basis for damages is the potential risk of susceptibility to future disease, the predicted future disease must be reasonably certain to flow from the existing present injury. However, recovery for the fear of the increased risk of cancer and other diseases was a recoverable item of damage without such a showing.

In essence, the court determined that the plaintiff's fear constituted a present injury, not a future injury that would be speculative. Consequently, it upheld the imposition of damages for fear of contracting cancer. *See also* Annotation, *Future Disease or Condition, or Anxiety Relating Thereto, as Element of Recovery*, 50 A.L.R.4th 13 (1986) (distinguishing between damages for en-

hanced risk of cancer and fear of the enhanced risk; no damages may be obtained based on a possible result of a future disease unless it is reasonably certain to result, but recovery allowed for anxiety resulting from the danger that the disease may ensue).

Pash asserts that we should adopt the reasoning of the California supreme court in *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993) and hold that damages for fear of cancer should be recoverable only when the fear is based upon knowledge that cancer is probable, *i.e.*, that it is more likely than not that cancer will occur.

In *Potter*, the plaintiffs were landowners living adjacent to a toxic waste dump who sued Firestone for damages allegedly caused by ingestion of carcinogens. The trial court awarded damages after determining that Firestone was negligent and was guilty of outrageous conduct.

On appeal, Firestone claimed that the award of damages for fear of cancer in the absence of physical injury was an unwarranted extension of liability for negligent infliction of emotional distress, but that, if such fear was compensable, it should not be so when a plaintiff cannot establish a probability of developing cancer.

The court held that, generally, in the absence of a present physical injury or illness, recovery of damages for fear of cancer in a negligence action should be allowed only if the plaintiff pleads and proves that the fear stems from a knowledge, corroborated by reliable medical and scientific opinion, that it is more likely than not that the feared cancer will develop in the future because of the toxic exposure.

■ We do not find this reasoning in accord with traditional notions of tort liability. *See Wetherill v. University of Chicago*, 565 F.Supp. 1553 (N.D.Ill.1983). To recover for negligence, a claimant must prove that the alleged tortfeasor owed him or her a duty, that there was a breach of that duty, that an injury was proximately caused by the breach, and that the plaintiff suffered damages. *Brittis v. Freemon, supra.* The touchstone of the proximate cause element is reasonable

foreseeability of the claimed injury, not a high degree of likelihood. *Wetherill v. University of Chicago, supra.*

On the other hand, when a claimant attempts to recover damages for an anticipated future injury, the common law generally requires that the injury's potentiality be tested under a more likely than not standard. *See Cookman v. Caldwell, supra.* However, when there is a present injury, such as present emotional distress, the "more likely than not" standard is inapplicable. *Cf. Towns v. Anderson, supra.*

Further, although we acknowledge the public policy considerations addressed in *Potter,* such as the potential for a flood of frivolous claims, we conclude that juries are able to separate legitimate compensable complaints from trivial ones. As for considerations regarding the affordability of insurance, the potential detrimental impact on the health care field, and the depletion of resources available to compensate those legitimately injured, those concerns are more appropriately left to the General Assembly.

As to the contention that failure to require a more probable than not standard will promote inconsistent jury verdicts, we note that any action submitted to a jury is susceptible to this criticism. Taken to its logical end, the criticism is of juries *per se.*

Accordingly, we hold that the mental anguish suffered by Boryla as a result of fear and apprehension that a delay in diagnosing her existing cancer would increase the risk of a recurrence is a compensable item of damage without proof that the cancer is more likely than not to recur. Thus, Boryla may recover damages for emotional distress based on a reasonable concern that she has an enhanced risk of further disease. *See Stites v. Sundstrand Heat Transfer, Inc.,* 660 F.Supp. 1516 (W.D.Mich.1987). Such damages must, however, be proximately caused by the negligent conduct of Pash. *See Ekberg v. Greene,* 196 Colo. 494, 588 P.2d 375 (1978). Therefore, on retrial, the jury may again consider Boryla's claim for fear of an increased risk of cancer recurrence.

### III.

However, we do agree with Pash's contention that a recovery for plaintiff's emotional distress, arising from her fear of an increased risk of cancer recurrence, is allowable only if the fear is reasonable.

The fear of future consequences must be reasonable. *See Hagerty v. L & L Marine Services, Inc., supra; Payton v. Abbott Labs,* 386 Mass. 540, 437 N.E.2d 171 (1982); *Devlin v. Johns–Manville Corp., supra.* Although the likelihood that the disease will actually recur is a factor in determining reasonableness, *see Hansen v. Mountain Fuel Supply Co.,* 858 P.2d 970 (Utah 1993), fear of an increased risk of future recurrence can be reasonable even if the likelihood of a recurrence of the disease is relatively low. *See Wetherill v. University of Chicago, supra.* Reasonableness is determined from all of the facts and circumstances presented in evidence at trial.

Nevertheless, we cannot say, as Pash requests us to do, that Boryla's fear was unreasonable as a matter of law, nor can we say that she failed to present any evidence of reasonableness. Rather, the record contains sufficient evidence concerning reasonableness to submit the issue to the jury.

For example, Boryla's experts testified that the delay in diagnosis increased the opportunity for the cancer to metastasize and caused a delay in the opportunity to cure the cancer. Further, even Pash's experts acknowledged that the longer the cancer resided in Boryla's breast, the greater the opportunity for increased infiltration of cancer cells, and the greater the opportunity for cells to metastasize. Defense experts also agreed that the larger the tumor, the more cancer cells are present, and that there was a greater likelihood that more cells will have developed a resistance to chemotherapy the longer they remain in the body. And, there was some evidence presented that the tumor increased in size during the period of the delay.

These facts provide sufficient evidence concerning the reasonableness of Boryla's fear of an increased risk of future recurrence to submit the issue to the jury. On retrial, the

trial court must, however, appropriately instruct the jury concerning the reasonableness requirement.

## IV.

Pash finally asserts Boryla failed to prove that any physical or mental illness resulted from her fear of an increased risk of cancer recurrence and that, therefore, she is precluded from recovering damages under *Towns v. Anderson, supra.* We disagree.

▮ A plaintiff may recover for negligent infliction of emotional distress in the absence of bodily harm or other compensable damages only under limited circumstances. Restatement (Second) of Torts § 436A (1965) provides that, when an actor's negligent conduct creates an unreasonable risk of causing either bodily harm or emotional disturbance to another and that negligence results in emotional disturbance alone, without bodily harm or other compensable damage, the actor is generally not liable for such emotional disturbance.

This principle was applied in *Towns v. Anderson, supra.* There, the supreme court held that when a plaintiff is subjected to an unreasonable risk of bodily harm because of the negligence of the defendant, recovery for emotional distress is permitted only if there are physical manifestations or mental illness.

In adopting the requirement of physical manifestations or mental illness, the supreme court abolished the "impact" rule that had previously required a plaintiff to be subject to a physical impact before recovery for emotional distress alone could occur. *See Towns v. Anderson, supra.*

▮ Examples of physical manifestations or mental illness include long continued nausea or headaches, or repeated hysterical attacks or mental aberration. *Towns v. Anderson, supra.* Likewise, Restatement (Second) of Torts § 436(2) Comment b (1965) provides an example of an individual who escapes bodily harm but "is so frightened or shocked as to miscarry or otherwise be made ill."

▮ The basis for the requirement of the traditional indicia of harm such as physical injuries or mental illness is the concern that emotional injuries should be objectively corroborated. *See Payton v. Abbott Labs, supra;* W. Prosser & P. Keeton, *Prosser & Keeton on Torts* § 54 (5th ed.1984).

▮ Here, Pash asserts that there is insufficient evidence of any physical manifestations or mental illness. Rather, he contends, the evidence discloses only fear and anxiety without any resulting physical injury. We conclude, however, that Boryla's psychologist presented testimony which, if believed by the jury, would suffice to demonstrate mental illness. *See Hansen v. Mountain Fuel Supply Co., supra* (a plaintiff who can establish through appropriate expert testimony that he or she suffers from mental illness as a result of a defendant's negligent conduct may maintain an action for negligent infliction of emotional distress). Consequently, upon retrial, in a similar evidentiary setting, the jury may again determine this issue under appropriate instructions.

Because of our disposition of these issues, we need not address the remaining contentions on appeal or cross-appeal.

The judgment concerning liability for negligence is affirmed. The judgment for damages is reversed and the cause is remanded with directions to grant a new trial on causation and damages consistent with the views expressed herein.

TAUBMAN, J., concurs.

ROTHENBERG, J., concurs in part and dissents in part.

ROTHENBERG, Judge, concurring in part, and dissenting in part.

I respectfully dissent as to the majority's ruling in regard to permitting damages for fear of developing cancer in the future. I would hold that such recovery is permissible only if plaintiff pleads and proves that: 1) as a result of the defendant's negligent breach of a duty owed to the plaintiff, she has incurred damages arising from her fear of an increased risk that her cancer will recur; *and* 2) plaintiff's fear stems from a knowledge, supported by reliable medical or scientific opinion, that it is more likely than not

her cancer will recur because of defendant's negligence. *Potter v. Firestone Tire and Rubber Co.*, 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993).

Adoption of the "more likely than not" threshold in fear of cancer cases balances the interests of injured litigants while precluding speculative or unquantifiable emotional distress awards. It also establishes a "a sufficiently definite and predictable threshold for recovery to permit consistent application from case to case." *Potter v. Firestone Tire and Rubber Co., supra,* 25 Cal.Rptr.2d 550, 863 P.2d at 813.

I concur in the majority's reversal of the judgment based on the risk of cancer. However, because plaintiff concedes here, that the delay in diagnosis had no effect on her treatment or recovery from cancer, I also would reverse the judgment entered in her favor for damages based upon fear of an increased risk of cancer, and I would remand with directions to enter judgment in favor of defendant.